# EXHIBIT A

# EXHIBIT A



Hartford Life

April 29, 2004

Kent E. Kimberly, M.D.
15980 Hidden Valley Drive
Poway, CA 92064

Policy Holder:     Sharp Rees-Stealy Medical Group, Inc.
Claimant:          Kent E. Kimberly, M.D.
Policy Number:     GLT036915

Dear Dr. Kimberly:

We are writing to you about your claim for Long Term Disability (LTD) benefits.  These benefits are under the group insurance policy number GLT036915 for Sharp Rees-Stealy Medical Group, Inc.

We are writing to you regarding your claim for Long Term Disability (LTD) benefits under the group policy number GLT036915. This policy funds Sharp Rees-Stealy Medical Group, Inc. LTD Employee Benefits Plan. LTD benefits exhausted under the Mental Illness provision of the contract as of 09/06/2003. LTD benefits were extended without admitting any liability to determine if physical conditions are disabling. We have completed our review and, we have determined that your physical conditions are not the primary disabling condition and no further benefits are payable beyond 04/30/2004.

Under the terms of the policy:

"Disabled or Disability means Total Disability or Residual Disability or Totally Disabled or Residually Disabled.

Total Disability or Totally Disabled means that throughout the Elimination Period and until you reach the end of the Maximum Duration of Benefits for the option shown on your Certificate Validation Form, you are unable to perform the Material and Substantial Duties of your Own Occupation due to an Injury or Sickness, and are not earning more than 20% of your Average Monthly Pay.

You will not be considered Totally Disabled solely because of the loss or restriction of your license to engage in your Own Occupation.

Residual Disability or Residually Disabled means as a result of Injury or Sickness, you are unable to perform the Material and Substantial Duties of your Own Occupation on a full-time basis, but you are:

1.  performing at least one of the Material Duties of your Own Occupation or another occupation on a full-time basis; or

2. performing each of the Material Duties of your Own Occupation or another occupation on a part-time basis; and

3. you are earning more than 20% of your Average Monthly Pay, but less than 80% of your Indexed Average Monthly Pay.

You will not be considered Residually Disabled solely because of the loss or restriction of your license to engage in your Own Occupation as defined under the terms of this plan...

Mental Illness and Substance Abuse Benefit
A Monthly Benefit for a Disability due to Mental Illness or Substance Abuse will be payable up to a total of 24 months during your lifetime for all Disabilities due to Mental Illness or Substance Abuse, providing you satisfy the Elimination Period under this plan. A Monthly Benefit will continue to be paid for a Disability due to Mental Illness or Substance Abuse beyond 24 months of benefits only if you are confined to a hospital or Medical Facility licensed to provide care and treatment for the condition causing the Disability. If you are reconfined under the Recurrent Periods of Disability provision of this plan, a Monthly Benefit will be paid only during the period of your confinement.

Mental Illness means any psychological, behavioral or emotional disorder or ailment of the mind, including physical manifestations of psychological, behavioral or emotional disorders of any kind including those caused by chemical imbalance. Mental Illness does not include dementia, organic brain syndromes, delirium, amnesia syndromes or organic delusional or hallucinogenic syndromes.

Your Monthly Benefit will terminate on the earliest to occur:
1. the date you are no long(er) Disabled under the terms of this plan; or
2. the date you fail to furnish proof that you are continuously Disabled; or
3. the date you refuse to be examined, if we require an examination; or
4. the date you die; or
5. the date your Current Monthly Earnings equal or exceeds 80% of your Indexed Average Monthly Pay; or
6. the date your refuse to receive recommended treatment that is generally acknowledged by physicians to cure, correct or limit the disability condition.
7. the end of your Maximum Duration of Benefits under this plan; or
8. the date you return to work or receive income if you fail to advise us, unless the return to work is part of approved Rehabilitative Employment or a Residual Disability Benefit under this plan."

We based our decision to terminate your claim for benefits on policy language and all of the documents contained in your claim file, viewed as a whole, including the following specific information:

1) Employer Statement completed by Lori Miller, Human Resources Manager, dated 08/07/2001.
2) Employee Statement received 08/08/2001.
3) Certificate Validation Form received on 08/13/2001.

0000046

4)   Attending Physician's Statement signed and dated by Gary Eaton, M.D., psychiatry, dated 08/02/2001.

5)   Letter dated 10/30/2001 advising you of the approval of LTD benefits.

6)   Attending Physician's Statements signed and dated by Gary Eaton, M.D., dated 02/19/2002 along with medical records through 02/05/2002, and 10/30/2002.

7)   Psychological Evaluation performed on 08/19/2002 by G. Kenneth Vincent, PhD. for the Department of Social Services, Disability Evaluation Division.

8)   Telephone calls of 10/09/2002, 11/19/2002, 06/27/2003 with Carolyn Kimberly, spouse.

9)   Letters dated 11/25/2002 and 06/06/2003 from Carolyn Kimberly, spouse.

10)  Attending Physician's Statement completed by Steven Kavy, M.D., pulmonary, dated 01/17/2003.

11)  Letters dated 01/27/2003, 04/15/2003, 05/16/2003, 06/11/2003, and 09/15/2003 addressed to you.

12)  Letter dated 06/06/2003 from you and Mrs. Kimberly; received in this office on 06/13/2003.

13)  Independent Medical Review performed by Milton Jay, EdD, neuropsychologist on 03/04/2004.

The Employer's Statement signed and dated by Lori Miller, Human Resources Manager, on 08/07/2001 indicates you were hired by Sharp Rees-Stealy Medical Group, Inc. on 08/18/1992 as an ophthalmologist. They reported your last day worked was 05/30/2001

On your Employee's Statement received 08/08/2001, you reported that you had symptoms of "depressed affect; inability to concentrate; poor decision making; anxiety; panic; anger." You noted you were unable to work due to "Unable to see patients in time allowed. Unable to make decisions…second guessing decisions. Free-floating anxiety. Panic when confronted with excessive demands for service. Questioning safety for patients receiving care."

The Attending Physician's Statement completed by Gary Eaton, M.D. and dated 08/02/2001 reported a primary diagnosis of major depressive disorder, recurrent (296.3). Dr. Eaton noted that you were depressed, unable to concentrate, and had hypersomia. Your EEG (07/23/2001) was normal.

In a letter of 10/30/2001, you were notified of the approval of LTD benefits effective 09/07/2001 under the Mental Illness provision of the contract. Benefits were payable through 09/06/2003 subject to the terms and limitations of this provision.

The Attending Physician's Statement from Dr. Eaton dated 02/19/2002 continues to note Axis I as major depressive disorder, recurrent; Axis III as sleep apnea, hypertension with increased triglycerides; and, Axis IV as severe with a GAF of 40. Dr. Eaton detailed that you were on medications of Nardil 60 mg and Ativa, involved in therapy and will attempt to structure more of your day.

The Attending Physician's Statement from Dr. Eaton dated 10/30/2002 continues to note Axis I as major depressive disorder, recurrent; Axis III as sleep apnea; and, Axis IV as severe with a GAF of 45 (some improvement). Dr. Eaton noted that treatments were weekly to monthly for the last 18,





months. Along with this report was a copy of the report from Dr. Vincent dated 08/22/2002. After reviewing records, consulting with you, administering the Wechsler Adult Intelligence Scale-III, Wechsler memory Scales-III, The Beck Depression Inventory and The Beck Anxiety Inventory, his diagnostic impression was Axis I: major depressive disorder 296.23; amnestic disorder 294.8 most likely from related depression, exacerbated by Electric Convulsive Therapy and Sleep Apnea; and, cognitive disorder 294.9 possibly some underlying organic processes that affect your visual-motor ability and ability to discriminate important visual cues; and, Axis III sleep apnea.

In telephone conversations with your wife on 10/09/2002 and 11/19/2002, she expressed that you were seeing a doctor for sleep apnea and consider a physical component to your disability as well as the depressive disorder. Attending Physician's Statement for a physical condition were mailed to you for completion.

We received a letter dated 11/25/2002 from your wife, Carolyn Kimberly. She noted your concerns with your LTD claim for benefits. You believe your primary medical problem is sleep apnea, and she submitted a list of physicians you had seen in the past two years.

We received the Attending Physician's Statement from Steven Kavy, M.D., pulmonologist, dated 01/17/2003. Dr. Kavy gave a primary diagnosis of Sleep Apnea 780.5. Dr. Kavy noted on the Physical Capacities Evaluation that you are able to sit, stand, walk, and drive 8 hours in an 8-hour work day. The Physical Capacities Evaluation does show that physically, you are functionally capable of performing your own occupation as an Opthalmologist. Dr. Kavy notes "memory loss" as a limitation.

In order to evaluate and determine whether or not the Sleep Apnea was the primary disabling condition, we requested current medical records to better assess the Sleep Apnea and the Depressive Disorder.

In our letter to you of 01/27/2003, we notified you that we had requested the medical records and would be reviewing the records for the purpose of determining the primary disabling condition.

We had made multiple requests for the records without success. A letter dated 04/15/2003 addressed to you advised that we had not received the requested medical records from Dr. Fisher, Dr. Kavy and Dr. Sacks and asked that you obtain the medical records from 05/2001 to current with test results. The letter also advised that LTD benefits were scheduled to exhaust under the Mental Illness provision as of 09/06/2003.

Again, you were notified in a letter of 05/16/2003 that we have not received the medical records from the above-doctors listed, and benefits would be exhausting on 09/06/2003. Another letter dated 06/11/2003 was mailed to you advising you of the same.

Mrs. Kimberly notified this office in a letter dated 06/06/2003 that your entire chart would be copied and mailed to us. We received the records through 05/20/2003 on 08/27/2003.





We had been conversing with Mrs. Kimberly in attempts to get the written neuropsychological evaluation which was performed by Dr. Schrock on 05/10/2003 for the purpose of utilizing the results in our evaluation of your physical condition(s). We had requested all updated medical records as well for our Medical Case Management to review. We enlisted the services of a copy service to assist us in obtaining the medical records and the neuropsychological evaluation from Dr. Schrock as quickly as possible.

A letter dated 09/15/2003 addressed to you advised that we had paid LTD benefits under the Mental Illness provision of the contract through 09/06/2003. We would continue to extend benefits beyond this period of time without admitting liability until a review of the medical records had been completed and a determination made.

An independent medical review was done by Milton Jay, consulting Neuropsychologist, on 03/04/2004. It is Dr. Jay's opinion that the depression and sleep apnea conditions are under good control with only mild residual symptoms. These conditions did not appear to be significantly impairing. "The huge improvements in cognition seen between Dr. Vincent's 2002 testing and Dr. Schrock's 2003 neuropsychological evaluation strongly suggested that the cognitive complaints very predominantly resulted from the depression and/or sleep apnea conditions. Dr. Schrock's exam showed many normal findings consistent with reasonable expectations for this man..." Dr. Jay noted that Dr. Eaton, attending psychiatrist, reported that your depressive symptoms are currently "mild" and have been mild for some time. Your depression was managed with Zoloft 150mg daily.

Dr. Jay noted other medical problems involving hyperlipidemia, empty sella syndrome, and hypogonadism which did not pose any impairment to your capacity to work. Dr. Jay opined that you have some selected cognitive performance weaknesses with uncertain validity and mild depression that does not impair your significantly. The sleep apnea appears to be under reasonable control and there is no clear valid basis of restrictions and limitations which would preclude your for working as an opthalmolgist.

Dr. Jay had an opportunity to speak to Dr. Fisher and Dr. Eaton by telephone on separate occasions. Dr. Jay followed-up with confirmation of his telephone conversations with both doctors in letters dated 03/04/2004. Each doctor was asked to confirm the substance of these discussions. Dr. Jay did receive confirmation from Dr. Fisher on 03/10/2004. He did not receive response from Dr. Eaton.

With the assistance of an independent medical review of records by Dr. Jay, it is our conclusion that your physical condition of sleep apnea was under reasonable control as to not preclude you from performing the duties of an ophthalmologist. Other conditions of hyperlipidemia, empty sella syndrome, and hypogonadism do not pose any major impairments from working and your depression is "mild."

We considered all of the evidence in your claim file in making your decision. We have concluded that you are able to physically perform the duties of an ophthalmologist. LTD benefits have been paid through 04/30/2004. We will not ask that you repay the benefits beyond 09/06/2003.




The Employee Retirement Income Security Act of 1974 (ERISA) gives you the right to appeal our decision and receive a full and fair review. You may appeal our decision even if you do not have new information to send us. You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim. If you do not agree with our denial, in whole or in part, and you wish to appeal our decision, you or your authorized representative must write to us within one hundred eighty (180) days from your receipt of this letter. Your appeal letter should be signed, dated and clearly state your position. Along with your appeal letter, you may submit written comments, documents, records and other information related to your claim.

Once we receive your appeal, we will again review your entire claim, including any information previously submitted and any additional information received with your appeal. Upon completion of this review, we will advise you of our determination. After your appeal, and if we again deny your claim, you then have the right to bring a civil action under Section 502(a) of ERISA.

Please send your appeal letter to:

Disability Claim Appeal Unit
Benefit Management Services - Floor B2-E
P.O. Box 2999
Hartford, CT 06104-2999

You may also have this matter reviewed by the California Department of Insurance by writing directly to them at the following address:

California Department of Insurance
Consumer Service Division
300 South Spring Street, 11th Floor
Los Angeles, CA 90013
Telephone: (213) 897-8921 or (800) 927-HELP

If you have any questions, please feel free to contact our office at (800) 289-9140, x41684. Our office hours are 8:00 AM to 6:00 PM PST, Monday through Friday.

Sincerely,

Jeanne Kohler, Senior Examiner
Hartford Life and Accident Insurance Co.

CC:    To File

Benefit Management Services
Sacramento Disability Claim Office
P.O. Box 13829
Sacramento, CA 95853-4829
Fax (916) 294-1750