1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   BRUCE D. CELEBREZZE  Bar No. 102181
2  DENNIS G. ROLSTAD  Bar No. 150006
   ERIN A. CORNELL  Bar No. 227135
3  One Market Plaza
   Steuart Tower, 8th Floor
4  San Francisco, California 94105
   Telephone: (415) 781-7900
5  Facsimile: (415) 781-2635

6  Attorneys for Defendant
   SHARP REES-STEALY MEDICAL GROUP INC.
7  GROUP LONG TERM DISABILITY INSURANCE PLAN

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  KENT E. KIMBERLY, M.D., an         CASE NO. 08 CV 0157 JLS (POR)
    individual,
12                                     **DEFENDANT SHARP REES-STEALY
              Plaintiff,               MEDICAL GROUP INC. GROUP LONG
13                                     TERM DISABILITY INSURANCE PLAN'S
       v.                              NOTICE OF MOTION AND MOTION TO
14                                     STRIKE PURSUANT TO FED.R.CIV.P.
    SHARP REES-STEALY MEDICAL          12(f) OR, IN THE ALTERNATIVE,
15  GROUP INC. GROUP LONG TERM         MOTION TO DISMISS PURSUANT TO
    DISABILITY INSURANCE PLAN,         FED.R.CIV.P. 12(b)(6)**
16
              Defendant.              JUDGE:  Honorable Janis L. Sammartino
17                                    CTRM:   6 (Third Floor)
                                      DATE:   July 17, 2008
18                                    TIME:   1:30 p.m.

19

20       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21       PLEASE TAKE NOTICE that on July 17, 2008 at 1:30 p.m., or as soon thereafter as the

22  matter may be heard in Courtroom 6 of the above-entitled court, located at 940 Front Street, San

23  Diego, California, defendant Sharp Rees-Stealy Medical Group Inc. Group Long Term Disability

24  Insurance Plan ("the Plan") will and hereby does move the court for an order striking, or in the

25  alternative, dismissing with prejudice any and all allegations and prayers for relief relating to his

26  claim for breach of fiduciary duty and injunctive and other equitable relief under ERISA Section

27  502(a)(3).  Plaintiff is precluded from seeking relief against Hartford, an unnamed party;

28  Hartford is not a proper party to this lawsuit since the claim must be against the Plan or Plan

1    sponsor, and as a matter of law, plaintiff cannot join a breach of fiduciary duty claim in the same

2    action as a claim for benefits under (a)(1)(B).  The relief that plaintiff seeks with his (a)(3) claim

3    is entirely duplicative of relief that could be awarded under (a)(1)(B), and thus he has an

4    adequate remedy at law under (a)(1)(B).  Furthermore, plaintiff has no standing to pursue

5    injunctive relief on behalf of third party claimants, and he cannot satisfy the federal requirements

6    to obtain an injunction.

7         Accordingly, he cannot sustain his claims and prayers for relief under Section 502(a)(3),

8    and the following paragraphs set forth in his First Amended Complaint should be stricken and/or

9    dismissed with prejudice:

10        Paragraph 129, 22:21-23—"Upon information and belief, Hartford regularly utilized and

11   continues to regularly utilize UDC to arrange, direct, orchestrate or conduct paper reviews on

12   claimants' claims under Hartford Policies."

13        Paragraph 130, 22:24-28—"Plaintiff is informed and believe [sic] and based thereon

14   alleges that as a result of UDC's frequent orchestrating and handling of reviews for Hartford, as

15   its agent in the investigation and administration of Plaintiff's claim, renders UDC's file materials

16   (whether hard copy or electronically generated or stored) part of the 'administrative record' –

17   whether or not Hartford has gathered them to retain in its claim file."

18        Paragraph 131, 23:1-4—"Hartford failed to obtain from UDC a copy of its file materials

19   and all other UDC-related documents, notes, writings, including electronic information related to

20   the investigation of Dr. Kimberly's Claim on behalf of Hartford to include in the

21   'Administrative' Record and ensure it is complete."

22        Paragraph 132, 23:5-8—"Hartford similarly failed and refused to obtain all other related

23   documents, notes, writings, including electronic information from Drs. [sic] Leyenson and Dr.

24   Olander related to their communications with both Hartford and UDC or any other entity or

25   person related to the claim of Dr. Kimberly so that it could be included with the rest of the claim-

26   related information (the "Administrative Record")."

27        Paragraph 133, 23:9-14—"The regulations of the secretary of Labor define at 29 C.F.R. §

28   2560.503-1(m)(8) what are the 'relevant' documents and information which must be provided to

plan participants upon request, including those at (I) that were actually 'relied on' by the decision maker in making the benefit determination, and (ii) those that were 'submitted, considered, _or generated_ in the course of making the benefit determination, _without regard to whether such document, record, or other information was relied upon_ in making the benefit determination.'"

Paragraph 134, 23:15-19—"Upon information and belief, Hartford's failure to properly gather and maintain in all its related to the claim an actual copy of all '_documents, records, and other information relevant to the claimant's claim for benefits_' described under the regulations at 29 C.F.R. § 2560.503-1 at (j)(3) and expressly defined under subsection (m)(8), is a violation of its fiduciary duties to maintain an accurate copy of the 'Administrative Record.'"

Paragraph 135, 23:20-23—"Upon information and belief, Hartford's failure to obtain information related to the claim generated by or on its behalf during the claim investigation and administration improperly truncated the 'Administrative Record,' and failed to provide Plaintiff with 'reasonable access to' copies of said documents records and information, and risked – if not effectuated – a spoliation of evidence."

Paragraph 136, 23:24-27—"Plaintiff is informed and believes and based thereon alleges that Hartford thus intentionally truncated the 'administrative record' by not including documents within the possession and control of agents employed by Hartford to assist with investigating the claim for and on behalf of Hartford, and are thus documents within Hartford's constructive control and possession."

Paragraph 137, 24:1-13—"Upon information and belief, Hartford's failures and breaches of the ERISA regulations which form the minimum requirements and responsibilities of the claims administrator, and refusal to comply with the requirements of the regulations and information required by Title I of ERISA, justify appropriate relief by this court in its discretion, including but not limited to:

137-(1)        _injunctive relief_ under 502(a)(3) compelling the claims administrator to immediately obtain and provide Plaintiff with any and all documents, records, information, writings, including electronically stored, by

1    UDC and by Dr. Leyenson and Olander that are "relevant to" Plaintiff's claim as

2    defined under subsection (m) of the regulations.

3    137-(2)    *adverse inference* against Hartford regarding all information

4    generated by UDC or its hired reviewers for Hartford that Hartford and its agents

5    continue to conceal and/or spoil;

6    137-(3)    *permanent injunction* against further such failure and refusal to

7    gather and maintain all relevant information pertaining to Plaintiff's claim, into

8    the future, by Hartford and any of its agents or employees engaged to perform

9    work related to Plaintiff's claim."

10    Paragraph 143, 25:11-15—"Plaintiff seeks to enjoin Hartford from violations of the

11    notice and disclosure requirements mandated by the Secretary's Regulations and of the

12    'meaningful dialogue' mandated by this Circuit for over a decade pursuant to <u>Booton v.</u>

13    <u>Lockheed Med. Benefit Plan</u>, 110 F.3d 1461, 1463-64 (9th Cir. 1997), <u>Abatie v. Alta Health &</u>

14    <u>Life Ins. Co.</u>, 458 F.3d 955 (9th Cir. 2006) *en banc*, <u>Saffon v. Wells Fargo & Co. LTD Plan (re</u>

15    <u>MetLife)</u>, 2008 U.S. App. LEXIS 8136 (9th Cir. April 16, 2008)."

16    Under plaintiff's Prayers for Relief:

17    Paragraph 5, 26:15-22—"Such other appropriate equitable relief as the Court deems

18    proper including but not limited to (a) *injunctive relief* under 502(a)(3) compelling Hartford to

19    immediately obtain and provide Plaintiff with <u>any and all</u> notes, documents, records,

20    information, writings, including electronically stored, to, from or generated by University

21    Disability Consortium by Drs. Leyenson Olander [sic] for Hartford after Plaintiff's appeal; (b)

22    *permanent injunction* against further such failure and refusal to gather and maintain all relevant

23    information pertaining to any record reviews or other new-evidence gathering activities after an

24    appeal of a denied claim is received."

25    Paragraph 6, 26:23-25—"For any appropriate equitable relief under ERISA §502(a)(3) as

26    the court deems proper to remedy improper claims handling or breaches of fiduciary duty and/or

27    acts or practices which violate ERISA and/or the terms of the PLAN;"

28    The Plan's motion will be and is based on this notice of motion and motion, the

1    concurrently-filed memorandum of points and authorities, the allegations in plaintiff's First

2    Amended Complaint, any reply memorandum later filed by the Plan, and such other and further

3    oral or documentary evidence as may be presented at or before the time of the hearing.

4    DATED:  June 10, 2008              SEDGWICK, DETERT, MORAN & ARNOLD LLP

5

6

7                                      By:  s/Dennis G. Rolstad
                                            Dennis G. Rolstad
                                            Erin A. Cornell
8                                           Attorneys for Defendant
                                            SHARP REES-STEALY MEDICAL GROUP INC.
9                                           GROUP LONG TERM DISABILITY INSURANCE
                                            PLAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28