1   SEDGWICK, DETERT, MORAN & ARNOLD LLP
    BRUCE D. CELEBREZZE  Bar No. 102181
2   DENNIS G. ROLSTAD  Bar No. 150006
    ERIN A. CORNELL  Bar No. 227135
3   One Market Plaza
    Steuart Tower, 8th Floor
4   San Francisco, California 94105
    Telephone: (415) 781-7900
5   Facsimile: (415) 781-2635

6   Attorneys for Defendant
    SHARP REES-STEALY MEDICAL GROUP INC.
7   GROUP LONG TERM DISABILITY INSURANCE PLAN

8                       UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  KENT E. KIMBERLY, M.D., an          CASE NO. 08 CV 0157 JLS (POR)
    individual,
12                                      **DEFENDANT SHARP REES-STEALY**
               Plaintiff,               **MEDICAL GROUP INC. GROUP LONG**
13                                      **TERM DISABILITY INSURANCE PLAN'S**
         v.                             **MEMORANDUM OF POINTS AND**
14                                      **AUTHORITIES IN SUPPORT OF**
    SHARP REES-STEALY MEDICAL           **MOTION TO STRIKE PURSUANT TO**
15  GROUP INC. GROUP LONG TERM          **FED.R.CIV.P. 12(f) OR, IN THE**
    DISABILITY INSURANCE PLAN,          **ALTERNATIVE, MOTION TO DISMISS**
16                                      **PURSUANT TO FED.R.CIV.P. 12(b)(6)**
               Defendant.
17                                      JUDGE:   Honorable Janis L. Sammartino
                                        CTRM:    6 (Third Floor)
18                                      DATE:    July 17, 2008
                                        TIME:    1:30 p.m.
19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2
**PAGE**

3    I.    INTRODUCTION ......................................................................................... 1

4    II.    ALLEGATIONS OF THE FIRST AMENDED COMPLAINT ....................... 1

5    III.    ARGUMENT ................................................................................................. 5

6          A.    Striking Allegations and Prayers for Relief is Proper When They Are
                 Redundant or Improper as a Matter of Law.......................................... 5
7
          B.    Dismissal is Proper When There is No Cognizable Legal Theory ........ 6
8
          C.    Plaintiff Impermissibly Seeks Relief Against an Un-Named Party........ 6
9
          D.    An Insurer is Not A Proper Part To An ERISA Action For Benefits .... 7
10
          E.    Plaintiff Cannot Assert A Claim For Relief Under ERISA § 502(a)(3)
11                In This ERISA Benefits Action .............................................................. 8

12                1.    Plaintiff Cannot Join A 502(a)(3) Cause With His Claim For
                        Benefits ...................................................................................... 8
13
                  2.    The Court Under 502(a)(1)(B) Can Determine The Scope of
14                      the Record ................................................................................ 11

15          F.    Plaintiff Cannot Satisfy the Federal Requirements to Obtain an
                 Injunction, and Lacks Standing To Affect The Records of Other
16               Claimants ............................................................................................. 13

17          G.    Plaintiff's Claim For Relief Under ERISA § 502(a)(3) Violates the
                 Purposes and Goals of ERISA ............................................................ 15
18
      IV.    CONCLUSION ........................................................................................... 16
19
20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Abatie v. Alta Health & Life Ins. Co.*,
    458 F.3d 955 (9th Cir. 2006) ...................................................................11

*Baldoni v. Unumprovident, Illinois Tool Works, Inc.*,
    2007 WL 649295 (D.Or. 2007)...............................................................16

*Balestreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir. 1988) .....................................................................6

*Bureerong v. Uvawas*,
    922 F. Supp. 1450 (C.D.Cal. 1996) ...........................................................5

*California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*,
    217 F. Supp. 2d 1028 (C.D.Cal. 2002) ......................................................5

*Cattie v. Wal-Mart Stores, Inc.*,
    504 F. Supp. 2d 939 (S.D.Cal. 2007).......................................................14

*Clark v. City of Lakewood*,
    259 F.3d 996 (9th Cir. 2001) ...................................................................14

*Cole v. Oroville Union High School Dist.*,
    228 F.3d 1092 (9th Cir. 2000)
    *cert. den'd*, 532 U.S. 905, 121 S. Ct. 1228, 149 L. Ed. 2d 138 (2001) .......14

*Cyr v. Reliance Standard Life Ins. Co.*,
    525 F. Supp. 2d 1165 (C.D.Cal. 2007) .....................................................12

*Defazio v. Hollister, Inc.*,
    2008 WL 958185 (E.D.Cal. 2008)......................................................5, 16

*Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union*,
    471 F.2d 872 (6th Cir. 1972)
    *cert. den'd*, 411 U.S. 967, 93 S. Ct. 2149, 36 L. Ed. 2d 687 (1973)...........13

*ESP Fidelity Corp. v. Department of Housing & Urban Development*,
    512 F.2d 887 (9th Cir. 1975) .................................................................6, 7

*Everhart v. Allmerica Financial Life Ins. Co.*,
    275 F.3d 751 (9th Cir. 2001)
    *cert. den'd*, 536 U.S. 958, 122 S. Ct. 2662 153 L. Ed. 2d 836 (2002).........7

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993) ...................................................................5

*Ford v. MCI Communications Corp. Health and Welfare Plan*,
    399 F.3d 1076 (9th Cir. 2005) .....................................................1, 8, 9, 10

**Table of Authorities**
(Continued)

                                                                      **PAGE**

*Forsyth v. Humana, Inc.*,
     114 F.3d 1467 (9th Cir. 1997) ..................................................................10, 11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*,
     528 U.S. 167 (2000)...................................................................................14

*Gelardi v. Pertec Computer Corp.*,
     761 F.2d 1323 (9th Cir. 1985) .....................................................................7

*Gest v. Bradbury*,
     443 F.3d 1177 (9th Cir. 2006) ...................................................................14

*Gilbert v. Eli Lilly Co., Inc.*,
     56 F.R.D. 116 (D.Puerto Rico 1972) ...........................................................5

*Great-West Life & Annuity Ins. Co. v. Knudson*,
     534 U.S. 204, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002)..............................8

*Johnson v. American Aviation Corp.*,
     64 F.R.D. 435 (D.N.D. 1974) .......................................................................5

*Klund v. High Technology Solutions, Inc.*,
     417 F. Supp. 2d 1155 (S.D.Cal. 2005)........................................................16

*McKenzie v. General Telephone Co. of California*,
     41 F.3d 1310 (9th Cir. 1994)
     *cert. den'd*, 514 U.S. 1066, 115 S. Ct. 1697, 131 L. Ed. 2d 560 (1995).....................16

*Newman v. Standard Ins. Co.*,
     997 F. Supp. 1276 (C.D.Cal. 1998) ............................................................16

*Parker v. BankAmerica Corp.*,
     50 F.3d 757 (9th Cir. 1995) ........................................................................16

*Powers v. Ohio*,
     499 U.S. 400, 111 S. Ct. 1364, 113 L. Ed. 2d 411 (1991)..........................15

*Progress Development Corp. v. Mitchell*,
     182 F. Supp. 681 (N.D.Ill. 1960)
     *aff'd in part*, 286 F.2d 222 (7th Cir. 1961) ...............................................13

*Saffon v. Wells Fargo & Co. Long Term Disability Plan*,
     522 F.3d 863 (9th Cir. 2008) ................................................................11, 12

*Sandoval v. Aetna Life and Cas. Ins. Co.*,
     967 F.2d 377 (10th Cir. 1992) .................................................................6, 16

*Serena v. Mock*,
     2006 WL 2237735 (E.D.Cal. 2006)......................................................14, 15

*Sidney-Vinstein v. A.H. Robins Co.*,
     697 F.2d 880 (9th Cir. 1983) ...................................................................5, 16

**Table of Authorities**
**(Continued)**

PAGE

*Taft v. Equitable Life Assur. Soc'y,*
    9 F.3d 1469 (9th Cir. 1993) ................................................................6, 7, 16

*Tapley v. Lockwood Green Engineers, Inc.,*
    502 F.2d 559 (8th Cir. 1974) ........................................................................5

*Varity Corp. v. Howe,*
    516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996)........................8, 9

*Weinberger v. Romero-Barcelo,*
    456 U.S. 305, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982)................................13

*Wilkerson v. Butler,*
    229 F.R.D. 166 (E.D.Cal. 2005) ...................................................................5

*Wong v. Autodesk, Inc. Long Term Disability Plan,*
    2007 WL 2343901 (N.D.Cal. 2007) ............................................................12

*Wood v. Xerox Corp. Long-Term Disability Income Plan,*
    2006 WL 2595950 (N.D.Cal. 2006) ......................................................12, 13

*Zenith Radio Corp. v. Hazeltine Research, Inc.,*
    395 U.S. 100, 89 S. Ct. 1562, 23 L. Ed. 2d 129 (1969)................................6

**FEDERAL STATUTES**

28 U.S.C. § 1961 ................................................................................................4

ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ........................ *passim*

ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3) .................................... *passim*

29 U.S.C. § 1132(d)(2) .......................................................................................7

ERISA §502(g)(1), 28 U.S.C. § 1132(g)(1) ........................................................4

Fed.R.Civ.P. 12(b)(6) ........................................................................................6

Fed.R.Civ.P. 12(f) .............................................................................................5

## I. **INTRODUCTION**

Plaintiff Kent E. Kimberly, M.D. asserts in his operative pleading, a first amended complaint, a single cause of action – for further long term disability benefits pursuant to ERISA Section 502(a)(1)(B) – against the sole named defendant, the Sharp Rees-Stealy Medical Group Inc. Group Long Term Disability Plan ("the Plan"). Plaintiff includes within his single cause of action various allegations of alleged breach of fiduciary duty under ERISA Section 502(a)(3) against an unnamed party, Hartford Life and Accident Insurance Company ("Hartford"), the insurer of benefits under the Plan.

It is proper for plaintiff to pursue the Plan under Section 502(a)(1)(B) and the Plan will address the merits of those claims as this litigation proceeds. However, plaintiff's Section 502(a)(3) allegations are improper procedurally and, more importantly, cannot be sustained as a matter of law and therefore should be stricken and/or dismissed. Plaintiff is precluded from seeking relief against Hartford, an unnamed party; Hartford is not a proper party to this lawsuit since the claim must be against the Plan or Plan sponsor and, as a matter of law, plaintiff cannot join a breach of fiduciary duty claim in the same action as a claim for benefits under (a)(1)(B). *See*, *e.g.*, *Ford v. MCI Communications Corp. Health and Welfare Plan*, 399 F.3d 1076, 1083 (9th Cir. 2005). Plaintiff also appears to be seeking with his (a)(3) claim a different constitution of the administrative record in this case, relief that is entirely duplicative of relief that could be awarded under (a)(1)(B). Further, plaintiff has no standing to pursue injunctive relief on behalf of third party claimants.

In sum, plaintiff's (a)(3) allegations are improper and cannot be sustained and should be stricken or dismissed from the First Amended Complaint.

## II. **ALLEGATIONS OF THE FIRST AMENDED COMPLAINT**

Plaintiff alleges that he was employed with Sharp Rees-Stealy Medical Group as an ophthalmologist beginning in August 1992. (First Amended Complaint ("FAC") ¶ 15.) Plaintiff further asserts that Hartford issued a group disability insurance policy to Sharp Rees-Stealy Medical Group, which covered physicians and employees of the Group. (FAC ¶ 9.) Plaintiff claims that the Sharp Rees-Stealy Medical Group Inc. Group Long Term Disability Insurance

1    Plan (as defined above, "the Plan") is governed by ERISA.  (*Id.* ¶ 1.)

2         Plaintiff alleges in the first amended complaint a single cause of action for further

3    disability benefits under the policy pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. §

4    1132(a)(1)(B).[1]  (*Id.* ¶ 4.)  Plaintiff alleges that, in or about July 1998 and onward, he began

5    suffering from a "constellation of symptoms," including loss of energy, feeling increasingly

6    fatigued, inability to concentrate, feeling overwhelmed, increasingly irritable and depressed.  (*Id.*

7    ¶ 19.)  Plaintiff was initially diagnosed with Major Depressive Disorder and was prescribed a

8    number of antidepressants.  (*Id.* ¶ 20.)  He was on disability from November 2, 2000 to

9    November 27, 2000, then returned to work, but still struggled with fatigue, insomnia, and

10   anxiety attacks.  (*Id.* ¶¶ 21-22.)  On May 31, 2001, he was again placed on disability by his

11   physicians due to diagnoses of Major Depressive Disorder, hypertension, and

12   hypercholesterolemia.  (*Id.* ¶ 23.)  On August 31, 2001, he was also diagnosed with Obstructive

13   Sleep Apnea.  (*Id.* ¶ 26.)  Plaintiff began receiving disability benefits beginning on or about

14   September 8, 2001 under the Mental Illness provision of the policy, which limits the benefit

15   period to 24 months.  (*Id.* ¶ 33.)

16        Plaintiff underwent further treatment for his sleep apnea, which he alleges ultimately

17   resulted in severe memory loss.  (*Id.* ¶¶ 34-47.)  On April 29, 2004, Hartford terminated

18   plaintiff's long term disability benefits effective April 1, 2004.  (*Id.* ¶ 72.)  Plaintiff appealed

19   through his attorney and Hartford performed two independent medical record reviews as part of

20   its appeal investigation.  (*Id.* ¶¶ 100, 118-119.)  Thereafter, on January 26, 2005, Hartford upheld

21   its benefits decision.  (*Id.* ¶ 119.)

22        Plaintiff's allegations in this suit – filed nearly three years after Hartford upheld its

23   benefits decision – are centered upon the denial of his further disability benefits, and his stated

24

---

[1]       Section 1132(a)(1)(B) provides:

25        (a)      Persons empowered to bring a civil action
                   A civil action may be brought—
26        (1)      by a participant or beneficiary—
27                 (B)      to recover benefits due to him under the terms of his plan, to
                            enforce his rights under the terms of the plan, or to clarify his
28                          rights to future benefits under the terms of the plan;….

belief that he is entitled to further benefits.  Plaintiff seeks past due long term disability benefits and future benefits under ERISA Section 502(a)(1)(B), and attorney's fees and costs of suit.  (*Id.* 26:2-6, 12-14, 26-27.)

Plaintiff also, however, mixes in with his cause of action an allegation regarding injunctive relief under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3).[2]  (*Id.* ¶ 137.)  Plaintiff apparently seeks an injunction under Section 502(a)(3) compelling Hartford, a party not named in this lawsuit, to obtain and provide plaintiff with "any and all notes, documents, records, information, writings, including electronically stored, to, from or generated by University Disability Consortium" and the two reviewing doctors obtained through University Disability Consortium for Hartford after plaintiff's appeal of the termination of his long term disability benefits.  (*Id.* 26:15-19, emphasis in original.)[3]  Plaintiff also seeks a permanent injunction "against further such failure and refusal to gather and maintain all relevant information pertaining to any record reviews or other new-evidence gathering activities after an appeal of a denied claim is received."  (*Id.* 26:19-25.)  Plaintiff seeks additional "appropriate equitable relief under ERISA § 502(a)(3) as the court deems proper to remedy improper claims handling or breaches of fiduciary duty and/or acts or practices which violate ERISA and/or the terms of the PLAN."  (*Id.* 26:23-25.)

Plaintiff then prays for the following relief:

- For payment of plaintiff's own-occupation disability benefits from date of denial on April 1, 2004 forward at the rate of $4,311 per month to July 1, 2007, and thereafter

---

[2]    Section 1132(a)(3) provides:

(a)    Persons empowered to bring a civil action

A civil action may be brought—

(3)    By a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan;

[3]    Plaintiff does not list separate causes of action under Sections 502(a)(1)(B) and (a)(3), but rather provides general allegations in narrative form and then a separate prayer for relief at the end.  Thus, defendant brings this motion as one to strike and/or, in the alternative, to dismiss, the allegations and prayers for relief relating to Section 502(a)(3).

1    from August 1, 2007 forward to date of judgment at the monthly rate of $5,185 (*Id.*
2        26:6-8);

3    • *Pre*-judgment interest at a rate within the court's discretion (*Id.* 26:9);

4    • *Post*-judgment interest at the appropriate rate under 28 U.S.C. § 1961, from the date
5        of judgment to the date the court establishes for payment of the judgment amount (*Id.*
6        26:10-11);

7    • For a finding that plaintiff remains totally disabled under the terms of the Plan and is
8        permanently disabled and entitled to continue receiving monthly disability benefits
9        pursuant to the terms of the policy to age 65 (*Id.* 26:12-14);

10   • Such other appropriate equitable relief as the court deems proper including but not
11       limited to (a) *injunctive relief* under ERISA Section 502(a)(3) compelling Hartford to
12       immediately obtain and provide plaintiff with any and all notes, documents, records,
13       information, writings, including electronically stored, to, from or generated by
14       University Disability Consortium and Drs. Leyenson Olander [sic] for Hartford after
15       plaintiff's appeal; (b) *permanent injunction* against further such failure and refusal to
16       gather and maintain all relevant information pertaining to any record reviews or other
17       new-evidence gathering activities after an appeal or a denied claim is received (*Id.*
18       26:15-22);[4]

19   • For any appropriate equitable relief under ERISA § 502(a)(3) as the court deems
20       proper to remedy improper claims handling or breaches of fiduciary duty and/or acts
21       or practices which violate ERISA and/or the terms of the Plan (*Id.*, 26:23-25); and

22   • For reasonable attorneys' fees and costs of suit under ERISA §502(g)(1), 29 U.S.C. §
23       1132(g)(1) (*Id.* 26:26-27).

24   Defendant seeks to strike or dismiss the fifth and sixth prayers for relief concerning

25

26   [4]    In his prayer for relief, plaintiff appears to seek a permanent injunction relating to
         Hartford's handling of claims by any and all claimants in the future, but in the body of
27       his complaint he limits his requested permanent injunction to "such failure and refusal to
         gather and maintain all relevant information pertaining to plaintiff's claim, in the future,
28       by Hartford.…"  (FAC ¶ 137-(3), emphasis added.)

1    "appropriate equitable relief" and all paragraphs regarding purported relief under ERISA Section

2    502(a)(3) as specifically identified in the motion.

3                                    **III.    ARGUMENT**

4    **A.    Striking Allegations and Prayers for Relief is Proper When They Are Redundant
         or Improper as a Matter of Law**

5

6           Under Fed.R.Civ.P. 12(f), the court may strike from a pleading "any redundant,

7    immaterial, impertinent, or scandalous matter."  A motion to strike "is appropriate to address

8    requested relief . . . which is not recoverable as a matter of law."  *Wilkerson v. Butler*, 229

9    F.R.D. 166, 172 (E.D.Cal. 2005); *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560

10   (8th Cir. 1974); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479 n. 34 (C.D.Cal. 1996).  Thus, a

11   court should strike prayers for relief where the relief sought cannot be awarded.  *See*, *e.g.*,

12   *Wilkerson*, *supra*, 229 F.R.D. at 172; *Bureerong*, *supra*, 922 F.Supp. at 1479 n. 34.  A redundant

13   matter has been found to consist of allegations that are a needless repetition of other allegations

14   or are foreign to the issues involved.  *California Dept. of Toxic Substances Control v. Alco*

15   *Pacific, Inc.*, 217 F.Supp.2d 1028, 1033 (C.D.Cal. 2002), and *Wilkerson*, *supra*, 229 F.R.D. at

16   170, citing *Gilbert v. Eli Lilly Co., Inc.*, 56 F.R.D. 116, 120, n. 4 (D.Puerto Rico 1972).  An

17   immaterial matter is one which has no bearing on the issues before the court.  *Fantasy, Inc. v.*

18   *Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 US 517, 534–535,

19   114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994); *Johnson v. American Aviation Corp.*, 64 F.R.D.

20   435, 438–439 (D.N.D. 1974).  The purpose of a Rule 12(f) motion is "to avoid the expenditure of

21   time and money that must arise from litigating spurious issues by dispensing with those issues

22   prior to trial.…"  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Defazio*

23   *v. Hollister, Inc.*, 2008 WL 958185, *2 (E.D.Cal. 2008).

24           Here, the relief plaintiff seeks under Section 502(a)(3) is redundant and immaterial to his

25   claim for relief under Section 502(a)(1)(B) and improper as a matter of law, because he has an

26   adequate remedy available under Section 502(a)(1)(B), as is further discussed in Section III(E),

27   *infra*.  He cannot assert claims against an unnamed party, an insurer would be an improper party

28   to this action, he cannot assert a Section 502(a)(3) claim in this action for benefits as a matter of

1    law, and he cannot satisfy the federal requirements for injunction and does not have standing to

2    affect the administrative records of other claimants.  The relief plaintiff seeks also invokes the

3    purpose of a Rule 12(f) motion and violates the primary purpose of ERISA:  "to provide a

4    method for workers and beneficiaries to resolve disputes over benefits inexpensively and

5    expeditiously."  *Taft v. Equitable Life Assur. Soc'y*, 9 F.3d 1469, 1472 (9th Cir. 1993), quoting

6    *Sandoval v. Aetna Life and Cas. Ins. Co.*, 967 F.2d 377, 380 (10th Cir. 1992) (discussed in

7    Section III(G), *infra*).  Accordingly, plaintiff's allegations regarding injunctive relief (FAC ¶

8    137) and prayers for relief under (a)(3) (FAC 26:15-25), should be stricken.

9    **B.    Dismissal is Proper When There is No Cognizable Legal Theory**

10          A motion to dismiss will be granted where the plaintiff fails to state a claim upon which

11   relief can be granted.  Fed.R.Civ.P. 12(b)(6).  Under Rule 12(b)(6), dismissal is proper when

12   there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under

13   a cognizable legal theory."  *Balestreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.

14   1988).  In seeking relief under Section 502(a)(3), plaintiff fails to assert a viable claim against

15   Hartford or the Plan as a matter of law, and no further amendment of the First Amended

16   Complaint will remedy that failure.  Therefore, dismissal with prejudice is proper.

17   **C.    Plaintiff Impermissibly Seeks Relief Against an Un-Named Party**

18          Plaintiff names only the Plan as a defendant in his lawsuit, yet plaintiff then requests

19   equitable relief against Hartford.  (FAC ¶¶ 130-137, 143; 26:15-25.)  Plaintiff cannot do so, and

20   his (a)(3) allegations should be stricken or dismissed with prejudice.

21          A court cannot adjudicate a claim against a party that is not named as a defendant, and

22   that is not made a party to litigation by service of process.  *Zenith Radio Corp. v. Hazeltine

23   Research, Inc.*, 395 U.S. 100, 110, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969).  Similarly, one is not

24   bound by a judgment resulting from litigation in which one was not designated as a party.  *Zenith

25   Radio Corp.*, *supra*, 395 U.S. at 110.  The Supreme Court in *Zenith* thus affirmed the reversal of

26   a judgment against an entity that was never served and was never named a party to the action.

27          Moreover, a plaintiff cannot obtain an injunction against an entity that is not a party to an

28   action.  *Id.* at 110, 112; *ESP Fidelity Corp. v. Department of Housing & Urban Development*,

512 F.2d 887, 890 (9th Cir. 1975). In *ESP Fidelity Corp.*, *supra*, 512 F.2d 887, plaintiff sought declaratory and injunctive relief against the Federal Housing Authority and the Veterans Administration. The Ninth Circuit Court of Appeals affirmed the district court's denial of plaintiff's requested relief since the entities against whom relief was sought were not named as parties to the lawsuit and had not been served. *Id.* at 890.

Hartford is not named as a defendant in this action. Plaintiff cannot seek any relief against Hartford, nor can plaintiff obtain an injunction against Hartford. Plaintiff's allegations and prayers regarding purported equitable relief against Hartford should be stricken. In addition, for reasons explained in Section III(E), *infra*, allowing plaintiff to amend his First Amended Complaint to name Hartford as an additional defendant would be futile because plaintiff cannot maintain his claim under Section 502(a)(3) as a matter of law.

**D.    An Insurer is Not A Proper Part To An ERISA Action For Benefits**

The Ninth Circuit Court of Appeals has determined that an ERISA claim for benefits is only properly brought against the ERISA plan itself or, in some cases, against the employer or association that sponsored the plan. *Everhart v. Allmerica Financial Life Ins. Co.*, 275 F.3d 751, 753-754 (9th Cir. 2001), *cert. den'd*, 536 U.S. 958, 122 S.Ct. 2662, 153 L.Ed.2d 836 (2002); *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985); *Taft*, *supra*, 9 F.3d at 1471. In *Everhart*, plaintiff sought additional life insurance benefits under Section 502(a)(1)(B) against the insurer of benefits under the ERISA plan. The Ninth Circuit noted that "a money judgment for an action brought under § 1132(a)(1)(B) may be enforced 'only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity.'" *Everhart*, *supra*, 275 F.3d at 753, quoting 28 U.S.C. § 1132(d)(2). Citing *Gelardi*, *supra*, 761 F.2d 1323 and *Taft*, *supra*, 9 F.3d 1471, the court noted that, under (a)(1)(B), a claimant can bring a cause of action under (a)(1)(B) against the plan and the plan administrator, but could not sue the plan's insurer for additional ERISA benefits. *Everhart*, *supra*, 275 F.3d at 754.

Plaintiff, apparently aware of Ninth Circuit precedent, properly names only the Plan as the defendant in this case. However, plaintiff then attempts to avoid the Ninth Circuit's mandate

by mixing in an apparent claim for equitable relief against Hartford.  Plaintiff cannot join

Hartford in this action, and therefore the allegations regarding Hartford and injunctive relief

should be stricken or dismissed.

**E.    Plaintiff Cannot Assert A Claim For Relief Under ERISA § 502(a)(3) In This ERISA Benefits Action**

        Even if plaintiff had named Hartford (and explaining why no amendment to name

Hartford should be permitted, since it would be futile), plaintiff's claims and prayers for relief

against Hartford under Section 502(a)(3) fail as a matter of law because such a claim cannot be

joined with a 502(a)(1)(B) claim.  *See*, *e.g.*, *Ford v. MCI Communications Corp. Health and

Welfare Plan*, 399 F.3d 1076, 1083 (9th Cir. 2005); *Varity Corp. v. Howe*, 516 U.S. 489, 116

S.Ct. 1065, 134 L.Ed.2d 130 (1996); *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S.

204, 221 n. 5, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002).  The Ninth Circuit Court of Appeals and

the United States Supreme Court hold that a plaintiff seeking ERISA benefits has an adequate

remedy under (a)(1)(B) and thus may not also assert a claim under (a)(3) against any party.

*Ford*, *supra*, 399 F.3d at 1083; *Varity*, *supra*, 516 U.S. at 515; *Great-West Life*, *supra*, 534 U.S.

at 221 n. 5.  Plaintiff therefore may not assert an (a)(3) claim in this action against Hartford.

        Moreover, the relief that plaintiff seeks here is entirely duplicative of relief he could

obtain under (a)(1)(B).  Plaintiff seeks an injunction seeking to add to the administrative record

concerning his claim.  However, the court under (a)(1)(B) may address the scope of the

administrative record, and for this reason as well the duplicative (a)(3) claim is not allowed.

Thus, since plaintiff has an adequate remedy at law, relief under ERISA's "catchall" provision

((a)(3)) is improper and plaintiff here cannot state a claim under (a)(3).  *Varity*, *supra*, 516 U.S.

at 515.

        1.    Plaintiff Cannot Join A 502(a)(3) Cause With His Claim For Benefits

        ERISA Section 502(a)(3) is a "catchall" provision which the Supreme Court has held

may be invoked only sparingly and only when no other adequate remedy is available.  *Id.* at 515,

489; *Great-West Life*, *supra*, 534 U.S. at 221 n. 5.  Since a plaintiff seeking benefits has an

adequate remedy under Section 502(a)(1)(B), such a plaintiff cannot state a cause of action under

1    502(a)(3).

2         In *Varity,* employees brought a Section 502(a)(3) claim against the plan administrator

3    claiming that the administrator tricked them into withdrawing from the plan and thus forfeiting

4    their plan benefits.  The plaintiff's employer persuaded the employees of its failing divisions to

5    accept a change of employer and a change of ERISA benefit plan which was to pay medical and

6    other non-pension benefits to those money-losing divisions.  After several years, the new

7    employer ended up in receivership and the employees lost their non-pension benefits.  The

8    employees brought suit seeking the benefits they would have been owed under the old plan had

9    they not transferred.  The employees also sought individual equitable relief in the form of an

10   order to reinstate each of them as a plan participant.  The Supreme Court held that Section

11   502(a)(3) authorized suits for individual equitable relief, but only in circumstances where ERISA

12   did not otherwise provide a remedy.

13        The statute authorizes "appropriate" equitable relief.  We should expect that
          courts, in fashioning "appropriate" equitable relief, will keep in mind the "special
14        nature and purpose of employee benefit plans," and will respect the "policy
          choices reflected in the inclusion of certain remedies and the exclusion of others."
15        [citations omitted.]  Thus, we should expect that where Congress elsewhere
          provided adequate relief for a beneficiary's injury, there will likely be no need for
16        further equitable relief, in which case such relief normally would not be
          "appropriate."

17

18   *Varity*, 516 U.S. at 515.  The *Varity* court found that plaintiffs there could properly invoke

19   Section 502(a)(3) to obtain relief only because they did not have a Section 502(a)(1)(B) claim as

20   they were no longer participants in the plan and had no benefits due to them.  *Id.*

21        Plaintiff's situation here is entirely the opposite of the plaintiffs in *Varity*.  Plaintiff not

22   only can proceed under Section 502(a)(1)(B) because he was a participant in an existing plan, he

23   has in fact filed suit under 502(a)(1)(B) for plan benefits.  Thus, plaintiff has a remedy under

24   ERISA for the denial of his benefits, and he cannot proceed under 502(a)(3).

25        The Ninth Circuit in *Ford*, *supra*, 399 F.3d at 1081-1082, thus similarly held that, when

26   an ERISA plaintiff asserts specific claims for the recovery of benefits under 29 U.S.C. Sections

27

28

1132(a)(1)(B) and (a)(2),[5] he or she cannot obtain relief under 29 U.S.C. Section 1132(a)(3), and therefore the Ninth Circuit affirmed a grant of summary judgment to the defendants. *Id.* at 1083. In *Ford*, a plan participant brought a Section 502(a)(1)(B) claim to recover benefits against the insurer, who was also the claims administrator, of his employer's disability plan. Ford alleged that the insurer/claims administrator wrongfully denied his claim for disability benefits. The Ninth Circuit rejected the argument that an insurer who controlled administration of the plan and made discretionary claim determinations could be sued under Section 502(a)(1)(B). *Id.* at 1081-1082. Thus, the Ninth Circuit affirmed the district court's grant of summary judgment in favor of the insurer/claims administrator, holding that ERISA did not authorize suits for the recovery of plan benefits against the claims administrator who made the claim determination, but instead such suits were properly only asserted against the Plan. *Id.*

When a participant brings a specific claim under Section 502(a)(1)(B), he or she cannot also obtain relief under Section 502(a)(3), ERISA's catchall provision. *Id.* at 1083. Ford brought a Section 502(a)(1)(B) to recover alleged wrongfully denied disability benefits, as well as a claim for equitable relief under Section 502(a)(3), asserting that the insurer wrongfully denied her claim for long term disability benefits. *Id.* at 1078. The Ninth Circuit held that, because specific claims were asserted under discrete ERISA provisions, the "catchall" provision was not available as a source of relief, and affirmed the grant of summary judgment to defendants. *Id.* at 1083.

In *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474-1475 (9th Cir. 1997), *aff'd*, 525 U.S. 299, 119 S.Ct. 710, 142 L.Ed.2d 753 (1999), the Ninth Circuit held that insureds could not maintain a Section 502(a)(3) claim against a health care insurer because they had an adequate remedy under Section (a)(1)(B) for the same alleged conduct relating to the overcharging of co-payments. Plaintiffs contracted for health insurance, through employee benefit plans, with Humana Health Insurance. Pursuant to an agreement between Humana and a hospital, Humana

---

[5]    In *Ford*, *supra*, 399 F.3d at 1082, plaintiff's Section 502(a)(2) claim also failed since "[a] fiduciary's mishandling of an individual benefit claim does not violate any of the fiduciary duties defined in ERISA."

1   received discounts on portions of hospital charges incurred by its insureds.  *Forsyth*, *supra*, 114

2   F.3d at 1473.  However, the insureds continued to pay undiscounted co-payments and premiums.

3   The insureds originally brought a breach of fiduciary duty claim against Humana for retention of

4   excessive compensation, which was dismissed by the district court with leave to amend.  The

5   insureds amended their complaint to assert a claim under Section 502(a)(1)(B) for benefits and

6   prevailed, in part.  *Id.*  The insureds then appealed the judgment and the earlier order dismissing

7   their breach of fiduciary duty claim.  The Ninth Circuit affirmed the dismissal of the insureds'

8   Section 502(a)(3) claim holding that "equitable relief under section 1132(a)(3) is not

9   'appropriate' because section 1132(a)(1) provides an adequate remedy in this case."  *Id.* at 1475.

10      Thus, plaintiff cannot assert a claim under ERISA Section 502(a)(3) in this action.

11      2.    The Court Under 502(a)(1)(B) Can Determine The Scope of the Record

12      The relief plaintiff seeks under (a)(3) is essentially to recreate or add to the

13  administrative record, which is also relief he can obtain pursuant to (a)(1)(B) in the course of this

14  court's review of the benefits decision.  Although the Plan denies that the administrative record

15  is incomplete or that the court should consider extrinsic evidence, this relief is duplicative of the

16  relief that can be afforded by the court under (a)(1)(B), further showing that plaintiff cannot

17  assert a duplicative (a)(3) claim.  Plaintiff's claims and prayers for relief under (a)(3) should be

18  stricken and/or dismissed with prejudice.

19      Under ERISA Section 502(a)(1)(B), the court has the ability to define the scope of the

20  administrative record.  Under *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir.

21  2006), the court "may, in its discretion, consider evidence outside the administrative record to

22  decide the nature, extent, and effect on the decision-making process of any conflict of interest."

23  Moreover, if the court finds that a flagrant procedural violation has been committed by the

24  claims administrator which has affected the administrative review, the court can review the

25  benefits decision under the *de novo* standard of review rather than for abuse of discretion, and is

26  thus "not limited to the administrative record and may take additional evidence."  *Abatie*, *supra*,

27  458 F.3d at 973.

28      Thus, numerous courts have made specific determinations regarding the scope of the

1    administrative record when reviewing a denial of benefits pursuant to Section 502(a)(1)(B).  In

2    *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863 (9th Cir. 2008) (as

3    amended), the court held that MetLife failed to have a meaningful dialogue with the plaintiff,

4    specifically because in its final denial letter MetLife stated that plaintiff had failed to submit any

5    evidence, such as a Functional Capacity Evaluation, in support of her disability, yet it had never

6    requested that a Functional Capacity Evaluation be performed.  *Saffon*, *supra*, 522 F.3d at 871.

7    Thus, the Ninth Circuit remanded the matter to the district court and ordered the district court to

8    allow the plaintiff "an opportunity to present evidence on the one issue that was newly raised by

9    MetLife in its denial letter – the results of a Functional Capacity Evaluation or other objective

10   evidence of whether she is totally disabled under the terms of the Plan."  *Id.* at 872.

11          Likewise, in *Cyr v. Reliance Standard Life Ins. Co.*, 525 F.Supp.2d 1165 (C.D.Cal.

12   2007), the court noted that in order to adjudicate plaintiff's claim for benefits under Section

13   502(a)(1)(B), it had to, among other things, "address … the scope of the record that the Court

14   may review."  *Cyr*, *supra*, 525 F.Supp.2d at 1172.  The court granted plaintiff's request and

15   denied defendant's request to consider extrinsic evidence, because defendant had "admittedly

16   'lost' the administrative record."  *Id.* at 1175.  Plaintiff had been able to recreate the record when

17   she submitted her administrative appeal package.  Both parties also sought to rely on evidence

18   that was not part of the administrative record.  The court allowed plaintiff to admit her extrinsic

19   evidence as there was "'little to no evidentiary record' because [defendant] had 'lost' it."  *Id.* at

20   1175.

21          In *Wong v. Autodesk, Inc. Long Term Disability Plan*, 2007 WL 2343901 (N.D.Cal.

22   2007), plaintiff sought benefits under an ERISA-governed long term disability policy and

23   brought a motion to determine the scope of the administrative record.  Plaintiff argued that

24   because defendant did not render a decision on her appeal within ERISA time frames, the court

25   should strike from the administrative record the letter denying her appeal and the medical

26   records review report upon which the final denial relied, both of which were dated after the

27   deadline for defendant to respond to plaintiff's appeal.  The court denied plaintiff's motion,

28   however, because although defendant had not rendered a timely decision on the appeal, plaintiff

1    had provided no case law supporting that it should strike from the record documents generated

2    after the deadline.

3           Furthermore, in *Wood v. Xerox Corp. Long-Term Disability Income Plan*, 2006 WL

4    2595950 (N.D.Cal. 2006), the court also determined, as part of its review under (a)(1)(B), the

5    appropriate scope of the administrative record.  When defendant submitted the administrative

6    record, it had omitted documents relating to plaintiff's short term disability claim and the first

7    phase of long term disability benefits.  *Wood*, *supra*, at *5.  The court concluded that defendant

8    should have reviewed the entire claim file in order to make a full and fair determination of

9    plaintiff's eligibility for benefits.  *Id.*  Thus, in reviewing the benefits determination, the court

10   determined it would consider the entire file, including all medical records, despite the fact that

11   the entire file had not been submitted as the "administrative record."  *Id.*

12          Thus, pursuant to plaintiff's cause of action under (a)(1)(B), the court has the discretion

13   to determine the scope of the administrative record, and can decide whether to admit additional

14   evidence.  Therefore, plaintiff has an adequate remedy under (a)(1)(B) to remedy his assertions

15   that the administrative record is allegedly missing documents, and his cause of action under

16   (a)(3) should be stricken or dismissed with prejudice.

17   **F.**    <u>**Plaintiff Cannot Satisfy the Federal Requirements to Obtain an Injunction, and**</u>
     <u>**Lacks Standing To Affect The Records of Other Claimants**</u>

18

19          Plaintiff also cannot satisfy the federal requirements to obtain an injunction, and

20   therefore he could not obtain an injunction regarding the content of administrative records,

21   further showing that his (a)(3) claims should be stricken or dismissed with prejudice.

22          In order to obtain an injunction, preliminary or permanent, plaintiff must satisfy the

23   federal requirements for issuance of an injunction.  Plaintiff must show (1) that he will suffer

24   irreparable injury if the relief is denied, (2) that other remedies are inadequate, (3) that the

25   balance of hardships favors plaintiff, and (4) that the interests of the public or non-parties will

26   not be adversely affected.  Injunctions in federal courts, if not all courts, have always been an

27   extraordinary and drastic remedy.  *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S.Ct.

28   1798, 1803, 72 L.Ed.2d 91 (1982); *Progress Development Corp. v. Mitchell*, 182 F.Supp. 681,

711 (N.D.Ill. 1960), *aff'd in part*, 286 F.2d 222 (7th Cir. 1961).  Injunctions "will not be awarded in doubtful cases, or new ones, not coming within well established principles."  *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union*, 471 F.2d 872 (6th Cir. 1972), *cert. den'd*, 411 U.S. 967, 93 S.Ct. 2149, 36 L.Ed.2d 687 (1973).  Plaintiff cannot obtain an injunction here because he cannot satisfy any, much less all, of the required federal elements.

Plaintiff will not suffer any irreparable injury because he is already presenting a claim under (a)(1)(B) seeking to receive the disability benefits to which he claims entitlement.  His claim under (a)(1)(B) is adequate to remedy the alleged harm he claims to have suffered.  Plaintiff cannot show that he is suffering any hardship at all by the alleged breach of fiduciary duty and, even if he could, the harm is adequately remedied by his cause of action under (a)(1)(B).

Accordingly, plaintiff cannot establish that this is a case that requires the extraordinary remedy of injunction, and his claim under (a)(1)(B), if he prevails, will remedy any harm he has allegedly suffered.

Plaintiff also apparently intends with his allegations to obtain an injunction affecting the administrative records of other unknown claimants.  Plaintiff lacks standing to do so.  Plaintiff seeks a permanent injunction "against further such failure and refusal to gather and maintain all relevant information pertaining to any record reviews or other new-evidence gathering activities after an appeal of a denied claim is received."  (FAC 26:19-22.)  Plaintiff lacks standing to seek an injunction regarding the claims files of unrelated third party claimants.  "Article III standing requires an injury that is actual or imminent, not conjectural or hypothetical.  In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat of an irreparable injury."  *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001), citing *Cole v. Oroville Union High School Dist.*, 228 F.3d 1092, 1100 (9th Cir. 2000), *cert. den'd*, 532 U.S. 905, 121 S.Ct. 1228, 149 L.Ed.2d 138 (2001).  One of Article III's jurisdictional requirements is that it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).  In addition, a plaintiff seeking declaratory or injunctive relief must show that he or she

1    is "realistically threatened by a repetition of the violation." *Cattie v. Wal-Mart Stores, Inc.*, 504

2    F.Supp.2d 939, 951 (S.D.Cal. 2007), citing *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir.

3    2006).

4           In *Serena v. Mock*, 2006 WL 2237735 (E.D.Cal. 2006), plaintiffs brought claims under

5    the Fourteenth Amendment and 42 U.S.C. Section 1981 asserting irreparable injury from the

6    unequal notice of the opportunity to apply for the Yolo County grand jury.  Defendants argued

7    that plaintiffs lacked standing to seek an injunction asserting claims on behalf of racial groups to

8    which they did not belong.  Plaintiffs were Hispanic, but also asserted injunctive relief on behalf

9    of Asians and other non-White persons.  The court held that the alleged injury (systematic

10   exclusion from the grand jury recruitment and selection process) was "fairly traceable to

11   defendants' alleged exclusion of Hispanics from these processes." *Serena*, *supra*, at *4.

12   However, their injuries were not traceable to the alleged exclusion of Asians and other non-

13   Whites.  The court noted that plaintiffs did not satisfy the stringent test for third-party standing,

14   which required that the plaintiff suffer an injury in fact, that the plaintiff have a close relation to

15   the third party, and that the third party is hindered from protecting his or her own interest. *Id.*

16   citing *Powers v. Ohio*, 499 U.S. 400, 410-411, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991).  The

17   court held that, while the Hispanic plaintiffs and third party Asians and other non-Whites shared

18   a common interest in prohibiting defendants from discriminating against them, "it is doubtful

19   whether plaintiff would be a 'motivated, effective advocate' for Asians' and non-Whites'

20   constitutional rights." *Serena*, *supra*, at *4.  Thus, plaintiffs could seek relief for themselves, but

21   not the third party Asians and other non-Whites.

22          Here, plaintiff also does not satisfy the test for third party standing because he does not

23   have a close relationship to other claimants insured under Hartford policies, especially those

24   insured on completely different and separate plans beyond the Plan at issue here.  Moreover,

25   other claimants are able to protect their own rights, as they too have the right to bring a civil

26   action under ERISA to enforce their rights to benefits.  Accordingly, plaintiff does not have

27   standing to seek a permanent injunction, and his claim should be stricken or dismissed with

28   prejudice.

**G.     Plaintiff's Claim For Relief Under ERISA § 502(a)(3) Violates the Purposes and Goals of ERISA**

Finally, by seeking additional relief under (a)(3), plaintiff is seeking to exponentially increase the cost of this litigation, in defiance of one of the primary goals of ERISA:  "to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Taft*, *supra*, 9 F.3d at 1472, quoting *Sandoval*, *supra*, 967 F.2d at 380  The objective to maintain ERISA as an inexpensive and efficient means to provide employee benefits has been consistently observed and upheld by the courts.  *See*, *e.g.*, *McKenzie v. General Telephone Co. of California*, 41 F.3d 1310, 1316 (9th Cir. 1994), *cert. den'd*, 514 U.S. 1066, 115 S.Ct. 1697, 131 L.Ed.2d 560 (1995) (expansive review by District Court of evidence from outside administrative record would "impede one of ERISA's primary goals of providing a 'method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously.'"  Quoting *Taft*, *supra*, 9 F.3d at 1472); *Klund v. High Technology Solutions, Inc.*, 417 F.Supp.2d 1155, 1159 (S.D.Cal. 2005) (same); *Newman v. Standard Ins. Co.*, 997 F.Supp. 1276, 1281 (C.D.Cal. 1998) (same); *Baldoni v. Unumprovident, Illinois Tool Works, Inc.*, 2007 WL 649295 (D.Or. 2007) (same); *Parker v. BankAmerica Corp.*, 50 F.3d 757, 766 (9th Cir. 1995) ("one of the goals of ERISA was to keep plan expenses within reason").  As stated above, the purpose of a Rule 12(f) motion is also "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial …" *Sidney-Vinstein*, *supra*, 697 F.2d at 885; *Defazio*, *supra*, at *2.  If plaintiff is successful in obtaining disability benefits under (a)(1)(B), he will have an adequate remedy.  If he is not successful in obtaining benefits, then necessarily his prayer for injunctive relief under (a)(3) will also fail, as Hartford's claims handling will have been found to be reasonable, and the termination of plaintiff's benefits supported.  Because plaintiff has an adequate remedy under Section 502(a)(1)(B), he cannot also proceed under (a)(3), and the court should strike or dismiss with prejudice plaintiff's claims and prayers for relief under Section 502(a)(3).

## IV.     CONCLUSION

For the foregoing reasons, plaintiff's claims and prayers for relief under ERISA Section

1  502(a)(3) should be stricken and/or dismissed with prejudice because they fail as a matter of law.

2  Plaintiff is precluded from seeking relief against an unnamed party (Hartford), and he cannot sue

3  an insurer in an action for ERISA benefits.  Plaintiff also cannot join an (a)(3) cause of action in

4  the same action as a claim for benefits under (a)(1)(B).  The relief that plaintiff is seeking under

5  (a)(3) is entirely duplicative of what he is seeking, and what he is able to obtain, under (a)(1)(B).

6  Plaintiff also cannot satisfy the requirements to obtain an injunction in federal court, and does

7  not have standing to seek an injunction on behalf of unrelated third party claimants.  Plaintiff's

8  allegations and prayers for relief under (a)(3), set forth in the First Amended Complaint at

9  paragraphs 130 through 137, paragraph 143, and page 26:15-25, should be stricken or dismissed

10  with prejudice.

11  DATED:  June 10, 2008              Respectfully submitted,

12                                    SEDGWICK, DETERT, MORAN & ARNOLD LLP

13

14

15  By: s/Dennis G. Rolstad _____
        Dennis G. Rolstad
        Erin A. Cornell

16      Attorneys for Defendant
        SHARP REES-STEALY MEDICAL GROUP INC.

17      GROUP LONG TERM DISABILITY INSURANCE
        PLAN

18

19

20

21

22

23

24

25

26

27

28