Thomas M. Monson, SBN 071993
Susan L. Horner, SBN 144806
**MILLER, MONSON, PESHEL, POLACEK & HOSHAW**
A Partnership of Professional Law Corporations
501 West Broadway, Suite 700
San Diego, CA 92101
(619)239-7777
FAX: (619) 238-8808
e-mail: tommonson@erisa-law.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT E. KIMBERLY, M.D., an individual,<br><br>              Plaintiff,<br>v.<br><br>SHARP REES-STEALY MEDICAL GROUP INC. GROUP LONG TERM DISABILITY INSURANCE PLAN<br><br>              Defendants. | CASE NO.: **08 cv 0157 JLS (POR)**<br><br>PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF THE POSITION OF THE SECRETARY OF LABOR IN OPPOSITION TO DEFENDANT SHARP REES-STEALY MEDICAL GROUP INC. GROUP LONG TERM DISABILITY INSURANCE PLAN'S MOTION TO STRIKE PURSUANT TO FED.R.CIV.P. 12(f) OR, IN THE ALTERNATIVE, MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)<br><br>Date:      July 17, 2008<br>Time:     1:30 PM<br>CTRM:   6 (Third Floor)<br>JUDGE:  Honorable Janis L. Sammartino |

Plaintiff, **KENT E. KIMBERLY, M.D.** ("Plaintiff"), by and through his attorneys, requests this

Court take judicial notice pursuant to Federal Rule of Evidence 201, of the following facts or matters:

    1.    the position of the Secretary of Labor answering the question of whether an administrator

of a disability plan is required by ERISA to disclose any new evidence and materials developed by the

administrator after the appeal but before a final decision —answering that question in the affirmative.

The Secretary's position statement is contained in the brief of the Secretary of Labor as <u>Amicus Curiae</u>, filed in the United States District Court for the Southern District of California, November 27, 2001, in <u>Russo v. Hartford Life & Accident Ins. Co.</u>, Case No. 00 cv 0938 LSP (CGA), with which this Court agreed in <u>Russo v. Hartford Life & Accident Ins. Co</u>, 2002 U.S. Dist. Lexis 26566 (S.D. CA 2/5/2002).

While Hartford already knows of the Secretary's position —since it was stated in a case in which Hartford was the named defendant, specifically addressed Hartford's tactics of nondisclosure of all pertinent information to the claimant including after an appeal, and as a result, Hartford was found to have breached its fiduciary duty to the plaintiff— this Request for Judicial Notice of the Secretary's position as amici is based on <u>Auer v Robbins</u>, 519 US 452, 137 L Ed 2d 79, 117 S. Ct 905 (1997). The court in <u>Auer</u> held that an administrative agency's interpretation of its own regulation is entitled to deference and/or controlling weight unless it is plainly erroneous or inconsistent with the Regulation.[1] Accord, <u>First Am. Discount Corp. v. CFTC</u>, 222 F.3d 1008 (D.C. 2000);[2] <u>Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Since 1984, the Secretary's regulations promulgated through this process are entitled to "Chevron deference." See also, <u>Nat'l Cable &Telecommunications Ass'n v. Brand X Internet Services</u>, 125 S.Ct. 2688 (June 27, 2005); <u>Black & Decker Disability Plan v. Nord</u>, 538 U.S. 822, 8331-32, 123 S. Ct. 1965, 1970, 155 L.Ed. 2d 1034 (2003) ("If the Secretary found it meet to adopt a [certain] rule by regulation, courts would examine that determination with appropriate deference." (Citing <u>Chevron</u>); <u>Yates. . . Profit Sharing Plan v. Hendon</u>, 541 U.S. 1, 24-25, 124 S. Ct. 1330, 158 L. Ed. 2d 40 (2004). "Unless Congress, in enacting ERISA, demonstrated clearly its intent with regard to the questions before us, we must defer to the Secretary's official interpretations of ERISA if they are reasonable." (also citing <u>Herman v NationsBank Trust Co.</u>, 126 F.3d 1354, 1363 (11th Cir 1997); and <u>Anweiler v American Electric Power Service Corp.</u>,

---

[1] citing <u>Robertson v. Methow Valley Citizens Council</u>, 490 U.S. 332, 359, 104 L. Ed.2d 351, 109 S. Ct. 1835 (1989)

[2] The Secretary's authority to enact the regulations was delegated by Congress pursuant to ERISA §§ 503 and 505. Section 505 authorizes the Secretary to "*proscribe such regulations as he finds necessary or appropriate to carry out the provisions of this subchapter.*" 29 U.S.C. § 1135. Section 503 requires conformance with the claims regulations. 29 C.F.R. 2560.503-1, subsections "a" - "o". ("<u>In accordance with Regulations of the Secretary</u>. . . ." 29 USC § 1133.") <u>Teen Help, Inc. v. Operating Eng'rs Health & Welfare Trust Fund</u>, 1999 U.S. Dist. LEXIS 21989 (N.D. CA 8/24/99) (The Secretary of the [DOL] is charged with enforcing ERISA and its fiduciary duties, and she has the authority to render authoritative interpretations of the Act" citing 29 U.S.C. § 1132(a)(2).

3 F.3d 986, 993 (7th Cir 1992) (<u>deferring to Secretary of Labor's interpretation of ERISA as contained in *amicus curiae* brief filed with the court</u>).[3]  It is of no matter that the Secretary's interpretation comes in the form of an *amicus* brief;  that will not lessen the deference accorded it by the courts. Herman, supra;  <u>Hells Canyon Alliance v. United States Forest Serv</u>., 227 F.3d 1170 (9th Cir. 2000) [9/24/2000] [Agency's interpretation set forth in amicus brief was entitled to deference, where "there is simply no reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question"]; Accord  <u>Christensen</u>, supra, 529 U.S. 576.  (citing <u>Auer</u>, <u>Robertson</u> and <u>Christense</u>n).  <u>United States v. Occidental Chem. Corp</u>., 200 F.3d 143 (3d Cir. 1999) ("The Supreme Court case law teaches that we must defer to agency interpretations that are supported by "regulations, rulings, or administrative practice.")

The above explanation by the SOL in terms of her interpretation of her own regulations which govern ERISA  —including her position in advancement of the underlying "employee protection" purpose of ERISA[4] —that the claim administrator must provide the claimant with any new information it develops after the claimant's appeal for comment prior to any final adverse review decision, and that the failure to do so constitutes a breach of fiduciary duty.  Such interpretation, which takes precedent over any interpretation made by any of the courts in the various circuits that may be more limited or to the contrary, may be judicially noticed by this Court.

Respectfully submitted,

**MILLER, MONSON, PESHEL, POLACEK & HOSHAW**

/s Susan L. Horner

Dated:__**July 3, 2008**____          By:_____
                                                        Susan L. Horner
                                                        Attorneys for Plaintiff,
                                                        Kent E. Kimberly, M.D.

---

[3]Pursuant to <u>Auer</u>, deference to the Secretary's interpretation about its regulations is also warranted when the language of its regulation is "ambiguous." <u>Christensen v. Harris County</u>, 529 U.S. 576; 120 S. Ct. 1655; 2000 U.S. LEXIS 3003; 146 L. Ed. 2d 621; 68 U.S.L.W. 4343 (May 1, 2000) citing <u>Bowles</u>, 325 U.S. 410 (1945).

[4]  The central purpose of ERISA is employee protection. <u>Schikore v. BankAmerica Supplemental SI (MEJ) Retirement Plan</u>, 269 F.3d 956, 962-63 (9th Cir. 2001), citing 29 U.S.C.S. § 1001(b).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

NOTICE OF DOCUMENT DISCREPANCIES

*This space for Clerk's Office File Stamp*

TO:  ☐ U. S. DISTRICT JUDGE / ☐ U. S. MAGISTRATE JUDGE    Papas
FROM:  A. Victoria,    Deputy Clerk    RECEIVED DATE:
CASE NO.:  00cv938    DOCUMENT FILED BY:    Dept/of Labor
CASE TITLE:  Russo vs Hartford Life
DOCUMENT ENTITLED:  motion

Upon the submission of the attached document(s), the following discrepancies are noted:

| ✓ | Local Rule | Discrepancy |
|---|---|---|
| ☐ | 5.1.j.4 | Missing time and date on motion and/or supporting documentation |
| ☐ | 5.3.c | Document illegible or submitted on thermal facsimile paper |
| ☒ | 7.1.e or 47.1.b.1 | Date noticed for hearing not in compliance with rules/Document(s) are not timely |
| ☐ | 7.1.f or 47.1.b.3 | Lacking memorandum of points and authorities in support as a separate document |
| ☐ | 7.1.h or 47.1.e | Briefs or memoranda exceed length restrictions |
| ☐ | 7.1.h | Missing table of contents |
| ☐ | 15.1 | Amended pleading not complete in itself /Supplemental filings require court order |
| ☐ | 30.1 | Depositions not accepted absent a court order |
| ☐ | | Default Judgment in sum certain includes calculated interest |
| ☐ | | OTHER: |

Date forwarded:    11/21/01

ORDER OF THE JUDGE / MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☑  The document is to be filed nunc pro tunc to date received.

☐  The document is NOT to be filed, but instead REJECTED and it is ORDERED that the Clerk serve a
copy of this order on all parties.

Rejected document to be returned to pro se or inmate? ☐ Yes.    Court Copy retained by chambers ☐

Counsel is advised that any further failure to comply with the Local Rules may lead to penalties pursuant
to Local Rule 83.1

CHAMBERS OF: LSP

Dated:  11/28/01    Jerks
cc: All Parties

By:  KMB

K:\COMMONFORMS\CIVCRM35.WPD
Form # Civ/Crim 35 (4/98) – [Document Discrepancy / Court Order]

48

EXH. A- 1 to REQ.JUD.NOTICE

THERESA S. GEE, CA SBN 136241
United States Department of Labor
Office of the Solicitor
71 Stevenson Street, Suite 1110
San Francisco, CA 94105
Phone: (415) 975-4489
Fax:   (415) 975-4495
Email: gee-theresa@dol.gov

Attorney for Secretary of
the United States Department of Labor

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RICHARD S. RUSSO,

               Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INS.
CO. et al,

               Defendants.

CASE NO: 00 CV 00938 LSP(CGA)

DATE: November 27, 2001
TIME: 1:30 PM
CTRM: G

U.S. Magistrate Judge,
Hon.  Leo S. Papas

## SECRETARY OF LABOR'S BRIEF AS AMICUS CURIAE

THERESA S. GEE
Regional Counsel for ERISA
U.S. Department of Labor
Office of the Solicitor
71 Stevenson Street, Suite 1110
San Francisco, CA 94105

WILLIAM ZUCKERMAN
MARCIA E. BOVE
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Avenue, N.W.
Washington, DC 20210
(202) 693-5600
(202) 693-5610 (Fax)

EXH. A- 2 to REQ.JUD.NOTICE

# TABLE OF CONTENTS

Page

STATEMENT OF INTEREST . . . . . . . . . . . . . . . . . . . . .   1

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . .   2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . .   2

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . .   5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

    A.    Statutory and Regulatory Background . . . . . . . . .   7

    B.    The Regulation Gives Claimants The Right To Review
        Pertinent Documents At Any Time During the Review
        Procedure . . . . . . . . . . . . . . . . . . . . . .   9

        1.    The regulation gives claimants, upon written
              request, the right to review evidence used
              to decide the claim at a time when they have
              a reasonable opportunity to address it . . . . .   9

        2.    This Secretary interpretation of the
              regulation is consistent with court
              decisions holding that a full and fair
              review under ERISA § 503 entitles
              claimants to review all evidence used
              to decide the claim . . . . . . . . . . . . . .  11

        3.    This Secretary's interpretation of the
              claims regulation is consistent with
              the requirement that participants exhaust
              administrative remedies before filing an
              action in court . . . . . . . . . . . . . . . .  14

        4.    The decision in Ellis does not support
              Hartford's position . . . . . . . . . . . . . .  16

    C.    This Court Has Discretion To Admit Evidence Not
        Contained In Hartford's Claim File . . . . . . . . .  18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . .  20

-i-

EXH. A- 3 to REQ.JUD.NOTICE

1

## TABLE OF AUTHORITIES

2  Cases:

Page

3  Amato v. Bernard,
4      618 F.2d 559 (9th Cir. 1980)   . . . . . . . . . . . 14

Berry v. Ciba-Geigy Corp.,
5      761 F.2d 1003 (4th Cir. 1985)   . . . . . . . . . .  16

6  Dishman v. UNUM Life Ins. Co. of Am.,
7      2001 WL 12068 (9th Cir. Oct. 17, 2001)   . . . . 13,15,19

Ellis v. Metropolitan Life Ins. Co.,
8      126 F.3d 228 (4th Cir. 1997)   . . . . . . . 7,11,14,17

9  Firestone Tire & Rubber Co. v. Bruch,
10      489 U.S. 101 (1989)   . . . . . . . . . . . . . . .  7

11  Friedrich v. Intel Corp.,
      181 F. 3d 1105 (9th Cir. 1999)   . . . . . . 13,15,18,19

12  Grossmuller v. International Union, United Auto.
      Aerospace & Agric. Implement Workers of Am., UAW,
13      715 F.2d 853 (3d Cir. 1983)   . . . . . . . . . 11-12,13

14  Hensley v. Northwest Permanente P.C. Retirement
      Plan & Trust,
15      258 F.3d 986 (9th Cir. 2001)   . . . . . . . . . .  10

16  Killian v. Healthsource Provident Administrators, Inc.,
17      152 F.3d 514 (6th Cir. 1998)   . . . . . . . . . . 19,20

Monqeluzo v. Baxter Travenol Long Term Disability
18      Benefit Plan,
      46 F.3d 938 (9th Cir. 1995)   . . . . . . . . . . .  18
19
Palmer v. University Med. Group,
20      994 F. Supp. 1221 (D. Or. 1998)   . . . . . . . 10,14,15

21  Powell v. A.T. & T. Communications, Inc.,
      938 F.2d 823 (7th Cir. 1991)   . . . . . . . . . .  14
22
Quesinberry v. Life Ins. Co. of N. Am.,
23      987 F.2d 1017 (4th Cir.1993)   . . . . . . . . . .  18

24  Vega v. National Life Ins. Servs., Inc.,
      188 F.3d 287 (5th Cir.1999)   . . . . . . . 10,15,16,18
25
Weaver v. Phoenix Home Life Mut. Ins. Co.,
26      990 F.2d 154 (4th Cir. 1993)   . . . . . . . . . .  16

27

28

-ii-

EXH. A- 4 to REQ.JUD.NOTICE

Case--continued:

Wilczynski v. Lumbermens Mut. Cas. Co.,
    93 F.3d 397 (7th Cir. 1996) . . . . . . . . . . . . 12

Statutes:

Employee Retirement Income Security Act of 1974, as amended,
    29 U.S.C. § 1001 et seq.

    Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) . . .    9

    Section 503, 29 U.S.C. § 1133 . . . . . .   1,2,7,8,11,12

    Section 503(2), 29 U.S.C. § 1133(2) . . . . . . . .    8

Other Authorities:

    29 C.F.R. § 2560.503-1 . . . . . . . . . . . . . .   1,8

    29 C.F.R. § 2560.503-1(b)  . . . . . . . . . . . .     8

    29 C.F.R. § 2560.503-1(f)  . . . . . . . . . . . .     8

    29 C.F.R. § 2560.503-1(g)  . . . . . . . . . . . . 10,16

    29 C.F.R. § 2560.503-1(g)(1) . . . . . . . . . . .   6,8

    29 C.F.R. § 2560.503-1(g)(1)(i)  . . . . . . . . . 10,12

    29 C.F.R. § 2560.503-1(g)(1)(ii) . . . . . . . . . 10,12

    29 C.F.R. § 2560.503-1(g)(1)(iii) . . . . . . . . . 10,12

    42 Fed. Reg. 27426 (May 27, 1977) . . . . . . . . . 8,10

-iii-

1  THERESA S. GEE, CA SBN 136241
   United States Department of Labor
2  Office of the Solicitor
   71 Stevenson Street, Suite 1110
3  San Francisco, CA 94105
   Phone: (415) 975-4489
4  Fax:   (415) 975-4495
   Email: gee-theresa@dol.gov
5

6  Attorney for Secretary of the
   United States Department of Labor
7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10
                                    CASE NO: 00 CV 00938 LSP(CGA)
11
   RICHARD S. RUSSO,                SECRETARY'S BRIEF AS
12                                  AMICUS CURIAE
                    Plaintiff,
13 v.
                                    DATE: November 27, 2001
14 HARTFORD LIFE AND ACCIDENT INS.  TIME: 1:30 PM
   CO. et. al,                      CTRM: G
15
                    Defendants.     U.S. Magistrate Judge,
16                                  Hon.  Leo S. Papas

17

18

19                      STATEMENT OF INTEREST
20
        Pursuant to Section 503 of the Employee Retirement Income
21
   Security Act ("ERISA"), 29 U.S.C. § 1133, the Secretary of Labor
22
   issued a regulation establishing, among other things, procedures
23
   for a "full and fair" review of ERISA benefit claims.  29 C.F.R.
24
   § 2560.503-1 (1977).  The regulation requires plans to disclose,
25
   upon request, "pertinent documents" during the administrative
26
   review of benefit claims.  "Pertinent documents" include all
27
   documents used by the plan in making a final determination of
28

1  benefit eligibility.  The Secretary has an interest in assuring
2  that the courts interpret this regulation consistent with the
3  purposes of the statute, which is to provide participants and
4  beneficiaries with a meaningful review of benefit claims.[1]

### STATEMENT OF ISSUES

6  1.    Whether new evidence gathered after a plan's initial claim
7  denial and used to deny the claim upon review is a "pertinent
8  document" that must be disclosed, pursuant to ERISA § 503 and the
9  Secretary's claims regulation, to the claimant upon his written
10 request.
11 2.    Whether the court should exercise its discretion to accept
12 evidence from the claimant which was not part of the
13 administrative record when the plan refused to disclose to the
14 claimant, upon his written request, evidence that it relied upon
15 in denying his benefit claim and an opportunity to refute such
16 evidence.

### STATEMENT OF FACTS

18     In 1982, Richard Russo began working for National Sanitary
19 Supply Company ("National Sanitary") as an outside sales
20 representative.[2]  In January 1991, he suffered an acute heart
21 attack.  Two months later, he was again hospitalized with
22 persistent symptoms and multivessel bypass grafting.  He

---

[1]    The brief addresses the interpretation of the 1977 claims regulation.  The Secretary has issued a new claims regulation; however, it is undisputed that the 1977 regulation is applicable to this claim which arose in 1991.

[2]    Unless otherwise noted, the facts are taken from the July 12, 2001 Slip Opinion.

Page 2

1  experienced post operative partial atelectasis (partially
2  collapsed lung) and at least six months of recurrent
3  post-operative pulmonary and cardiac complications
4  (post-pericardiotomy syndrome with pleuro-pericarditis) with
5  associated symptoms.  By September 1991, he was again
6  hospitalized with unstable angina because a major graft had
7  recccluded.

8      Since 1991, Russo has suffered recurrent angina or anginal
9  equivalent, progressive coronary disease, with ischemic left
10  ventricular dysfunction and Chronic Obstructive Pulmonary Disease
11  ("COPD").  Russo's disease-related symptoms and limitations are
12  initiated and/or exacerbated by, among other things, physical
13  exertion and/or stress.  The Social Security Administration
14  determined Russo to be totally disabled as of January 14, 1991.

15      National Sanitary bought long term disability insurance
16  ("the plan") from Manufacturer's Life Insurance Co.  The plan
17  provides five years of coverage if an employee is unable to
18  perform his own-occupation, and coverage thereafter if he is
19  unable to perform any occupation.  The plan does not grant the
20  administrator discretion to determine claims.  Russo applied for
21  and received disability benefits on May 31, 1991.  In October
22  1994, Hartford assumed administration of the policy.

23      Russo's former spouse, Mrs. Debra Thomas Russo, represented
24  to Hartford in 1997, at the time of their divorce settlement
25  negotiations, that Russo had not been disabled since late 1991,
26  and that he was claiming benefits fraudulently.  Hartford
27  interviewed Mrs. Russo on March 13, 1998, and terminated Russo's
28

CASE NO. 00 CV 00938 J (CGA)
Secretary's Brief As Amicus Curiae

EXH. A- 8 to REQ.JUD.NOTICE

1 benefits by letter dated the same day, made effective March 1,
2 1998.   The March 13, 1998 letter did not explain the basis for
3 Hartford's decision, nor did it reveal the allegations made by
4 Mrs. Russo.  Compl. Ex. B.

5     Through counsel, Russo requested a complete copy of
6 Hartford's administrative file and an explanation of the
7 decision.  Hartford did not provide either, but paid Russo's
8 benefits by month's end.  Id.; Compl. Ex. H.  On November 18,
9 1998, Hartford issued a second denial letter.  The letter cited
10 evidence provided by Mrs. Russo, her parents, and friends.  It
11 also cited the opinion of a physician who had not examined Russo,
12 but had reviewed medical and investigation records provided by
13 Hartford, and concluded that Russo was not disabled.  Although
14 Hartford did not assume administration of Russo's policy until
15 October 1994, it demanded that Russo repay Hartford approximately
16 $100,000 for the benefits he had received since June 4, 1991.

17     Russo again asked for a copy of Hartford's claim file and
18 all evidence relating to his claim.  On or about December 22,
19 1998, Hartford gave Russo one box of documents.

20     On May 3, 1999, Russo appealed Hartford's denial.  Russo
21 submitted extensive evidence allegedly supporting his appeal,
22 including witness statements, medical records, and evidence from
23 his treating physicians showing his continued disability.  Slip
24 Op. at 3 and 9; Mot. in Liminie at 4.  Russo alleges that the
25 evidence accompanying his appeal rebutted the evidence Hartford
26 had disclosed on December 22, 1998.  Id.

27     Upon receipt of the appeal, Hartford began an additional
28

CASE NO. 00 CV 00938 J (CGA)
Secretary's Brief As Amicus Curiae

EXH. A- 9 to REQ.JUD.NOTICE

1   investigation of the "allegations and points raised in the
2   appeal." Slip Op.at 3; Defs. Brief at H1296. On July 9, 1999,
3   Hartford sent Russo's file to its appeals division. Mot. in
4   Limine p. 3. By letter dated September 1, 1999, Hartford asked
5   Russo to agree to an extension of time within which it could
6   complete its investigation. On September 6, 1999, Russo asked
7   Hartford in writing to allow him to review the additional
8   evidence it was gathering. Instead of providing him with this
9   evidence, Hartford issued a third and "final" denial letter on
10  September 24, 1999.

11                     PROCEDURAL HISTORY
12      Russo filed suit on May 8, 2000. Among other things, Russo
13  alleges that Hartford relied extensively upon the new evidence
14  that it developed during the appeal, but did not allow him to
15  review or address. Slip Op. at 9; Mot. in Liminie at 4.[3]
16  Hartford filed a counterclaim, seeking reimbursement from Russo
17  in the amount of $98,871.24 plus interest and costs.

18      During litigation, Hartford produced six boxes of documents
19  it characterized as the "administrative record." Slip Op. at 5
20  n. 7; Mot. in Limine at 4-5. These boxes contained evidence
21  Hartford had not previously allowed Russo to review. Id. The
22  evidence included interviews of 16 new witnesses whose names
23  and/or statements Hartford had not disclosed to Russo; follow-up
24

25      [3]   Russo's complaint also alleges that the September 24,
    1999, denial letter did not address the evidence he had submitted
26  on May 3, 1999 to rebut the evidence Hartford relied upon in its
    November 18, 1998 denial letter; did not address the medical or
27  vocational evidence Russo had submitted; and did not address his
    stress-related cardiac limitations. Slip Op. at 4; Compl. Ex. R.
28

1  interview notes from the six witnesses whose initial interview
2  notes it had disclosed on December 22, 1998; and a surveillance
3  tape Hartford recorded of Russo over a two-day period after his
4  appeal.  Slip Op. at 5; Mot. in Limine at 4-5.    By motion, Russo
5  asked the court to exclude any evidence Hartford used to deny the
6  claim but did not allow him to review or address, arguing that
7  Hartford's conduct was contrary to the Department's claims
8  regulation, § 2560.503-1(g)(1), and a breach of fiduciary duty
9  warranting exclusion of the undisclosed evidence.  Slip Op. at 5,
10 9-10; Mot. in Limine at 5, 10-11.  Russo sought an order
11 excluding the September 24, 1999 final denial letter; the
12 interviews of witnesses whose names and/or statements Hartford
13 had not disclosed; the follow-up interview notes from the
14 witnesses whose initial interview notes it had disclosed on
15 December 22, 1998; and the surveillance tape.  Slip Op. at 5;
16 Mot. in Limine at 4-5.

17      By motion, Hartford asked the court to rule that all
18 evidence it used to decide the claim constituted the
19 administrative record.  Hartford argued that an administrator has
20 no duty to disclose documents generated during the appeal process
21 if the denial letter adequately describes the basis for the
22 decision.  See Brief On Determination of Administrative Record
23 ("Administrative Record Brief") at 7-9.

24      On July 12, 2001, this court denied Russo's motion.  See
25 "Order Denying Plaintiff's Motion In Limine And Denying
26 Plaintiff's Request For Judicial Notice."  The court ruled that
27 the opportunity to review "pertinent documents" was critical to a
28

Page 6                                    CASE NO. 00 CV 00938 J (CGA)
                                    Secretary's Brief As Amicus Curiae

EXH. A- 11 to REQ.JUD.NOTICE

1 full and fair review of a claim denial, but that Hartford was

2 under no duty to provide Russo "with latter evidence upon which

3 they relied in conducting the final review."  Slip Op. at 10,

4 citing <u>Ellis v. Metropolitan Life Ins. Co.</u>, 126 F.3d 228, 238 (4th

5 Cir. 1997).  The court further ruled that it was required to

6 review all of the evidence that Hartford had considered in

7 reaching its final decision and would consider further briefing

8 as to whether "exceptional circumstances exist that may warrant

9 an exercise of the Court's discretion to allow additional

10 evidence."  <u>Id.</u> at 11 and 15.  On September 21, 2001, Russo moved

11 for reconsideration of the Court's ruling, and the Secretary

12 files this brief in support of that motion.

13                              ARGUMENT

14 A.    Statutory and Regulatory Background

15         The Congressional purpose of ERISA is to promote the

16 interests of employees and beneficiaries and protect

17 contractually defined benefits.  <u>Firestone Tire & Rubber Co. v.</u>

18 <u>Bruch</u>, 489 U.S. 101, 113-14 (1989).  To  accomplish these goals,

19 ERISA § 503[4] requires plans to give claimants the specific

20 _____

21      [4]    ERISA § 503 states:

22 In accordance with regulations of the Secretary, every employee
   benefit plan shall-

23

24      1) provide adequate notice in writing to any participant or
        beneficiary whose claim for benefits under the plan has been
25      denied, setting forth the specific reasons for such denial,
        written in a manner calculated to be understood by the
        participant, and

26

27      2) afford a reasonable opportunity to any participant whose
        claim for benefits has been denied for a full and fair review
28      by the appropriate named fiduciary of the decision denying the

Page 7                              CASE NO. 00 CV 00938 J (CGA)
                                    Secretary's Brief As Amicus Curiae
                              EXH. A- 12 to REQ.JUD.NOTICE

1  reasons for denying a claim and an opportunity for a "full and
2  fair review" of the denial by the appropriate named fiduciary.
3  29 U.S.C. § 1133(2).

4     Pursuant to ERISA § 503, the Secretary promulgated a claims
5  regulation that specifies the minimum requirements for plan
6  procedures for the consideration and review of benefit claims.
7  See § 2560.503-1.  The 1977 claims regulation requires that every
8  plan shall establish and maintain reasonable claims procedures.
9  See § 2560.503-1(b); 42 Fed. Reg. 27426 (May 27, 1977).  At a
10 minimum, a reasonable claims procedure must be described in the
11 summary plan description, and must not be administered in a
12 manner that unduly inhibits or hampers the filing or processing
13 of claims.  It must establish a procedure for informing
14 participants in a timely fashion of the time periods for making
15 claims and for making decisions on claims.

16    The initial notice must contain: 1) the specific reason or
17 reasons for the denial; 2) specific reference to pertinent plan
18 provisions supporting the denial; 3) a description of any
19 additional material or information required to perfect the claim
20 and an explanation of why it is necessary; and 4) appropriate
21 information as to the steps to be taken to submit the claim for
22 review.  See § 2560.503-1(f).  Pursuant to a "written request,"
23 plan procedures must allow claimants to "review pertinent
24 documents" and "submit issues and comments in writing."  See §
25 2560.503-1(g)(1).

26

27  _____

    claim.
28

Page 8                                CASE NO. 00 CV 00938 J (CGA)
                                Secretary's Brief As Amicus Curiae

1    ERISA § 502(a)(1)(B) authorizes a claimant to file a civil

2  action to obtain wrongfully denied benefits.  29 U.S.C. §

3  1132(a)(1)(B).  Courts, however, have interpreted ERISA to

4  require that claimants first exhaust available administrative

5  remedies.

6  B.  **The Regulation Gives Claimants The Right To**
       **Review Pertinent Documents At Any Time During**
7      **the Review Procedure.**

8    The Secretary's claims regulation is designed to assure the

9  fairness of a plan's claim review procedure.  As discussed below,

10  the language of the claims regulation does not limit a plan's

11  duty to disclose "pertinent documents" upon request to evidence

12  received or developed before the initial benefit denial, but

13  instead includes all documents relied upon by the plan in making

14  the final benefit determination.  Moreover, this interpretation

15  is consistent with court decisions construing the elements of a

16  "full and fair review" under ERISA and with the purposes of

17  requiring participants to exhaust internal appeal procedures

18  before filing an action in court.

19      1.  **The regulation gives claimants, upon written**
            **request, the right to review evidence used**
20          **to decide the claim at a time when they**
            **have a reasonable opportunity to address it.**
21

22    The Secretary's claims regulation, by its terms, provides

23  that a claimant may "review pertinent documents" during the

24  appeal of the initial benefit denial.  The regulation does not

25  limit review of "pertinent documents" to evidence received or

26  developed by the plan prior to the initial claim denial.

27  Instead, the right to "review pertinent documents" under

28

Page 9                              CASE NO. 00 CV 00938 J (CGA)
                                    Secretary's Brief As Amicus Curiae

EXH. A- 14 to REQ.JUD.NOTICE

1  paragraph (g), entitled "Review Procedure," by its terms, applies

2  to all documents gathered by the plan and relied upon to affirm

3  the initial denial. See § 2560.503-1(g) ("Review Procedure").

4      The right to review "pertinent documents" turns upon whether

5  the claimant made a written request (§ 2560.503-1(g)(1)(i)) and

6  whether the documents are "pertinent" (§ 2560.503-1(g)(1)(ii)).

7  As the preamble to the 1977 claims regulation makes clear,

8  "pertinent documents" include all documents "relating to the

9  denial."  42 Fed. Reg. 27426 ("[u]nder paragraph (g), plan

10  procedures for review of claim denials must include the right of

11  a claimant ... to review pertinent documents relating to the

12  denial and submit issues and comments in writing").  See also,

13  Palmer v. University Med. Group, 994 F. Supp. 1221, 1224 (D. Or.

14  1998) ("pertinent documents" include "all documents which the

15  claims administrator considered or relied upon when it decided to

16  deny benefits").[5]

17      The purpose of the regulation is to give claimants the

18  right to review evidence used to deny a claim at a time when they

19  have a reasonable opportunity to address it -- without regard to

20  when the plan obtained it.  Vega v. National Life Ins. Servs.,

21  Inc., 188 F.3d 287, 299-300 (5th Cir. 1999) (en banc).  Under §

22  2560.503-1(g)(1)(iii), claimants have the right to "submit issues

23  and comments in writing" during the appeal.  "The opportunity to

24  review the pertinent documents is critical to a full and fair

25

26      [5]    See Hensley v. Northwest Permanente P.C. Retirement

27  Plan & Trust, 258 F.3d 986 (9th Cir. 2001) (criticizing Palmer on
   other grounds).

28

Page 10                          CASE NO. 00 CV 00938 J (CGA)
                                 Secretary's Brief As Amicus Curiae

1  review, for by that mechanism the claimant has access to the
2  evidence upon which the decision-maker relied in denying the
3  claim and thus the opportunity to challenge its accuracy and
4  reliability." Ellis, 126 F.3d at 237. The right to submit
5  issues and comments in writing would be meaningless if the
6  claimant did not have access to those documents which formed the
7  basis for the ultimate denial of the claim. The regulation
8  cannot be fairly interpreted to authorize plans to gather new
9  evidence after the initial denial, use that evidence to affirm
10  the denial on appeal, but never give the claimant the opportunity
11  to challenge the evidence upon which the plan ultimately relies.
12  Such an interpretation would force ERISA plan participants to
13  file suit without knowing the basis for the plan's decision.
14  This result is exactly what the regulation was intended to avoid,
15  and it wastes the often limited resources of disabled ERISA plan
16  participants, plans, and the courts by fostering litigation
17  rather than administrative claim resolution.

18  　　2.　　**The Secretary's interpretation of the**
19  　　　　　**regulation is consistent with court**
　　　　　　　**decisions holding that a full and fair**
20  　　　　　**review under ERISA § 503 entitles claimants**
　　　　　　　**to review all evidence used to decide the claim.**

21  　　The Secretary's construction of the claims regulation is
22  consistent with decisions construing the elements of a "full and
23  fair review" under ERISA. As the Third Circuit held, to afford a
24  "full and fair review" on appeal, the administrator must "inform
25  the participant of what evidence he relied upon and provide him
26  with an opportunity to examine that evidence and to submit
27  written comments or rebuttal documentary evidence." Grossmuller
28

Page 11

EXH. A- 16 to REQ.JUD.NOTICE

1  v. International Union, United Auto. Aerospace & Agric. Implement

2  Workers of Am., UAW, 715 F.2d 853, 858-59 (3rd Cir. 1983).

3  Construing § 2560.503-1(g)(1)(i)-(iii). Accord, Wilczynski v.

4  Lumbermens Mut. Cas. Co., 93 F.3d 397, 402 n.3 (7th Cir. 1996)

5  ("the requirement that a claimant be permitted to 'review

6  pertinent documents' ensures that a full and fair review is

7  conducted by the plan administrator, enables the claimant to

8  prepare adequately for further administrative review or eventual

9  recourse to the federal courts, and makes it possible for the

10  courts to perform the task ... of reviewing that denial")

11  (emphasis added).[6] "[T]he persistent core requirements of review

12  intended to be full and fair include knowing what evidence the

13  decision-maker relied upon, having an opportunity to address the

14  accuracy and reliability of that evidence, and having the

15  decision-maker consider the evidence presented by both parties

16  prior to reaching and rendering his decision." Grossmuller, 715

17  F.2d at 858 n.5 (surveying interpretations of "full and fair"

18  arising under varying statutes).

19      In Grossmuller, the administrator disqualified a retired

20  pensioner from receiving benefits relying upon a tip. 715 F.2d

21  at 858-59. The administrator then hired a detective who appeared

22  _____

23  [6]    In Wilczynski, after two unsuccessful levels of
internal review, the claimant retained counsel to assist her with

24  the third and final administrative review. 93 F.3d at 399. When
counsel requested the "administrative file," the administrator

25  deemed the request an "all-or-nothing" demand for more than the
"pertinent documents" available under § 2560.503-1(g)(1)(ii) and

26  chose to provide nothing. Id. at 403. The court noted that the
administrator's apparent "gamesmanship" was "inconsistent with

27  the mandate of 29 U.S.C. § 1133" and undermined the purpose of
requiring administrative exhaustion. Id.

28

CASE NO. 00 CV 00938 J (CGA)
                    Secretary's Brief As Amicus Curiae

EXH. A- 17 to REQ.JUD.NOTICE

1  before it and showed a video, allegedly, of Grossmuller tending

2  bar at a country club.  Based upon an interview with the club's

3  owner, the detective reported that Grossmuller was working there.

4  Without disclosing the evidence it considered, the administrator

5  terminated Grossmuller's benefits.  On appeal, Grossmuller asked

6  to appear and testify before the administrator.  The

7  administrator denied the appeal without allowing him to appear,

8  to examine the adverse evidence, or to submit written comments or

9  rebuttal evidence.  Id. at 856.  The court held that the district

10  court had "properly concluded that the plan's claims procedure

11  failed to comply with ERISA's requirements for 'full and fair

12  review'" of the claim denial.  Id. at 859.

13      Even without an affirmative failure to disclose evidence

14  upon request, courts have found that the administrator denied a

15  'full and fair review when procedural irregularities in the claim

16  review procedure interfered with a claimant's opportunity to

17  present evidence.  Friedrich v. Intel Corp., 181 F. 3d 1105, 1111

18  (9th Cir. 1999) (upholding admission of additional evidence from

19  the claimant while refusing additional evidence from Intel

20  because its flawed initial claim process and appeal procedure had

21  prevented the claimant from submitting the evidence he needed to

22  support his claim).  Cf. Dishman v. UNUM Life Ins. Co. of Am.,

23  2001 WL 12068, at *8 (9th Cir. Oct. 17, 2001) (upholding admission

24  of evidence from outside of the insurer's internal claim file

25  after it denied the claimant an administrative review of a

26  benefit "suspension").

27

28

Page 13

CASE NO. 00 CV 00938 J (CGA)
Secretary's Brief As Amicus Curiae

EXH. A- 18 to REQ.JUD.NOTICE

3.   **The Secretary's interpretation of the claims regulation is consistent with the requirement that participants exhaust administrative remedies before filing an action in court.**

This construction of the regulation is also consistent with the rationale for requiring the exhaustion of administrative remedies. As the Ninth Circuit explained in <u>Amato v. Bernard</u>, 618 F.2d 559, 566-68 (9th Cir. 1980), the exhaustion requirement assists the courts in resolving litigated controversies by presenting fully considered decisions. <u>Id.</u> at 567-68.[7] Thus, the appeal and review procedure is an important, possibly curative, step in the claims process. This purpose is frustrated if the claimant cannot learn the full evidentiary basis for the decision until he files a lawsuit, and the court cannot learn until trial whether the claimant has explanatory or rebuttal evidence that addresses the evidence used to deny the claim.

In <u>Palmer</u>, 994 F. Supp. at 1240, the plaintiff learned during litigation that the insurer had withheld numerous documents during the claim review process. The court noted that the deferential review standard[8] gives special importance to the procedures mandated by the claims regulation.

---

[7]   <u>See also</u>, <u>e.g.</u>, <u>Powell v. A.T. & T. Communications, Inc.</u>, 938 F.2d 823, 827 (7th Cir. 1991) (Congress's apparent intent in mandating the internal claims procedures found in ERISA was to reduce frivolous lawsuits; promote consistent treatment of claims; provide a nonadversarial dispute resolution process; and decrease the cost and time of claims settlement); <u>Ellis</u>, 126 F.3d at 238 (same).

[8]   Although this case will be reviewed <u>de novo</u> based upon the plan terms, the regulation applies to cases reviewed under both the <u>de novo</u> and the arbitrary and capricious standard of review.

The Plan's internal review process may be the claimant's last genuine opportunity to influence the final decision, to supplement the record in preparation for judicial review, or to correct any errors in the existing record.  Meaningful participation in this internal review process therefore requires that the claimant have an opportunity to review the relevant documents in the claim file so the claimant may submit any additional documents, correct any errors in the record, point to any favorable evidence that would tend to support the claim, fully understand the reasons for the decision that is being appealed, and to otherwise prepare an informed response to that decision.

Id.  The court held that when an administrator fails to disclose the basis of the decision and that failure interferes with the claimant's ability to present evidence supporting his claim, a court should not defer to the administrator's decision or rely upon its fact-finding and, therefore, reversed the decision as arbitrary and capricious.

An interpretation of the regulation that allows plans to withhold evidence used to justify a claim denial undermines the rationale for limiting the court's review of evidence to what was before the plan, and forces the courts to admit and evaluate evidence that should have been considered and weighed by the plan.  Dishman, 2001 WL 120658 at *8 ("[i]f UNUM did not want Dishman to be able to [present evidence at trial,] then UNUM should have followed the proper procedures and allowed [him] to present that information to it in the first instance ... ."); Friedrich, 181 F. 3d at 1111; Vega, 188 F.3d at 299 n.13 ("the claimant only has an opportunity to make his record before he files suit in federal court, it would be unfair to allow the administrator greater opportunity at making a record than the claimant enjoys"); Palmer, 994 F. Supp. at 1240.

CASE NO. 00 CV 00938 J (CGA)
Secretary's Brief As Amicus Curiae

EXH. A- 20 to REQ.JUD.NOTICE

1    The claims regulation must be construed in a manner that

2   protects claimants, plans, and the courts.  For claimants,

3   knowledge of the evidentiary basis for the decision ensures that

4   they have a reasonable opportunity to understand the evidence on

5   which the decision will be based and to supplement that evidence

6   if appropriate without resorting to litigation.  As the Fourth

7   Circuit said in construing § 2560.503-1(g), "[t]hese procedural

8   guidelines are at the foundation of ERISA."  Weaver v. Phoenix

9   Home Life Mut. Ins. Co., 990 F.2d 154, 157 (4th Cir. 1993).

10  Congress intended that claimants have the opportunity to resolve

11  claims without having to resort to the expense and delay of

12  litigation.  Id. citing Berry v. Ciba-Geigy Corp., 761 F.2d 1003,

13  1007 n.4 (4th Cir. 1985).  For plans and the courts, the

14  claimant's opportunity to review and address evidence used to

15  deny the claim ensures that the final decision is based upon a

16  complete and accurate record -- the underlying premise that

17  supports both the deferential standard of review and the

18  exhaustion of administrative remedies requirement.  Vega, 188

19  F.3d at 300 (vigilant enforcement of "procedural rules encourage

20  the parties to resolve their dispute at the administrator's

21  level").  These important doctrines foster judicial economy.

22      4.    **The decision in Ellis does not support**
            **Hartford's position.**
23

24      Ellis does not support an interpretation of the claims

25  regulation that denies claimants the right to review all evidence

26  gathered during an appeal.  Rather, Ellis is a fact-driven

27  decision that holds, based upon the facts of the case, that Ellis

28

CASE NO. 00 CV 00938 J (CGA)
Secretary's Brief As Amicus Curiae
EXH. A- 21 to REQ.JUD.NOTICE

1  "was not subject to an arbitrary or unprincipled decisionmaking
2  process." 126 F.3d at 238-39.  The court in Ellis examined
3  whether MetLife denied a full and fair review by failing to give
4  Ellis two reports that contained essentially the same evidence
5  she already had.  Id. ("MetLife provided a copy of the ... second
6  report to Ellis's health care providers.  This second report was
7  even more detailed than the first, and it made clear that the
8  available data on her functional limitations did not preclude her
9  from engaging in the physical tasks of her profession.")  On
10 these facts, the court found that Ellis had not "been prejudiced
11 by the deficiencies" in MetLife's claim review process.
12 Id.

13      The Ellis court cautioned, however, that it was upholding
14 MetLife's decision only because MetLife gave Ellis the basis for
15 its denial, and she had an opportunity to address that evidence.
16 The court noted that "[t]he opportunity to review the pertinent
17 documents is critical to a full and fair review, for by that
18 mechanism the claimant has access to the evidence upon which the
19 decision-maker relied in denying the claim and thus the
20 opportunity to challenge its accuracy and reliability."  The
21 court emphasized that "MetLife is saved in this instance only
22 because the substance of the review that [it] did provide to
23 Ellis was full and fair, even though it did not technically
24 comply with all of ERISA's procedural requirements."  Id. at 237.
25 That is not the situation here, where Hartford has not disclosed
26 evidence that it ultimately relied upon in denying Russo's claim
27 on appeal.

28

CASE NO. 00 CV 00938 J (CGA)
Secretary's Brief As Amicus Curiae

EXH. A- 22 to REQ.JUD.NOTICE

C.    This Court Has Discretion To Admit Evidence
      Not Contained In Hartford's Claim File.

The Ninth Circuit reviews the decision to admit or exclude evidence for an abuse of discretion.  Friedrich, 181 F.3d at 1111.  When a benefit denial is reviewed under a de novo standard, a district court may admit additional evidence if "'circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision.'"  Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938, 944 (9th Cir. 1995), quoting Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1025 (4th Cir. 1993) (en banc).

Whether to admit evidence must be decided in view of the underlying judicial purpose for limiting evidence to the administrative record.  As the Fifth Circuit has observed, in restricting evidence in the administrator's record, "we are merely encouraging attorneys for claimants to make a good faith effort to resolve the claim with the administrator before filing suit in district court; we are not establishing a rule that will adversely affect the rights of claimants."  Vega, 188 F.3d at 300.  Consistently, in certain circumstances, the Ninth Circuit has ruled that the administrative record cannot serve as the exclusive basis for the review of a benefit denial.  For example, in Mongeluzo, it upheld the admission of evidence not included in the administrative record when benefits were denied under a misconception of the law.  46 F.3d at 944.  In Dishman, it refused to limit evidence to the insurer's internal claim file

Page 18

CASE NO. 00 CV 00938 J (CGA)
Secretary's Brief As Amicus Curiae

EXH. A- 23 to REQ.JUD.NOTICE

1 | when the insurer failed to provide any administrative review
2 | procedure of a "suspension" of benefits.  2001 WL 1230658 at *8.
3 | In Friedrich, the Ninth Circuit upheld the admission of
4 | additional evidence from the claimant while denying Intel an
5 | opportunity to submit additional evidence because the review
6 | procedure prevented the claimant from submitting the medical
7 | evidence required to rebut the opinions of the plan's medical
8 | consultants.  181 F.3d at 1111.

9 |     When Hartford gathered new evidence of sufficient
10 | materiality that it is used to justify the claim denial, it had a
11 | duty to allow Russo to review that evidence upon his request and
12 | submit additional comments or evidence.  Because it did not give
13 | Russo that opportunity, the record in this case is incomplete and
14 | insufficient to determine whether Hartford's decision was
15 | correct.  Such a failure of procedural due process justifies the
16 | consideration of evidence from outside the administrative record.
17 | See Friedrich, 181 F.3d at 1110-1111.  See also, Killian v.
18 | Healthsource Provident Administrators, Inc., 152 F.3d 514 (6th
19 | Cir. 1998).  In Killian the administrator refused to accept new
20 | information that the insured offered to support her claim.  Id.
21 | at 521-22.  The plan did not require exclusion of the new
22 | information, and the administrator in fact considered new
23 | information favorable to the denial.  Id. at 522.  The Sixth
24 | Circuit found an abuse of discretion for the administrator to
25 | have treated the record as closed and concluded its "behavior
26 | makes no sense in the absence of an improper financial motive,
27 | and we therefore infer that Healthsource's actions were shaped by
28 |

1  its conflict of interest." Id. at 522.  As the court stated, "it

2  is not open to a plan administrator to curtail consideration of

3  the information propounded by the plan beneficiary, while

4  continuing to accumulate information that bolsters a denial

5  decision already made." Id. at 521 (the court remanded the

6  matter to the administrator to consider relevant material it had

7  originally excluded).

8                              CONCLUSION

9      Hartford's claim review procedure denied Russo a "full and

10  fair" review of its decision.  Thus, as the foregoing cases

11  illustrate, the court should admit evidence from outside

12  Hartford's claim file to facilitate its de novo review.

13

14  Dated:  11-20-01        By:    Theresa  Gee/mb

15                                 Theresa S. Gee
                                   Regional Counsel for ERISA
16                                 U.S. Department of Labor
                                   Office of the Solicitor
17                                 71 Stevenson Street, Suite 1110
                                   San Francisco, CA 94105
18
                                   William Zuckerman
19                                 Marcia E. Bove
                                   U.S. Department of Labor
20                                 Office of the Solicitor
                                   Plan Benefits Security Division
21                                 200 Constitution Avenue, N.W.
                                   Washington, DC 20210
22                                 (202) 693-5600

23

24

25

26

27

28

                              CASE NO. 00 CV 00938 J (CGA)
                              Secretary's Brief As Amicus Curiae

EXH. A- 25 to REQ.JUD.NOTICE