1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   BRUCE D. CELEBREZZE  Bar No. 102181
2  DENNIS G. ROLSTAD  Bar No. 150006
   ERIN A. CORNELL  Bar No. 227135
3  One Market Plaza
   Steuart Tower, 8th Floor
4  San Francisco, California 94105
   Telephone: (415) 781-7900
5  Facsimile: (415) 781-2635

6  Attorneys for Defendant
   SHARP REES-STEALY MEDICAL GROUP INC.
7  GROUP LONG TERM DISABILITY INSURANCE PLAN

8               UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT E. KIMBERLY, M.D., an individual,<br><br>Plaintiff,<br><br>v.<br><br>SHARP REES-STEALY MEDICAL GROUP INC. GROUP LONG TERM DISABILITY INSURANCE PLAN,<br><br>Defendant. | CASE NO. 08 CV 0157 JLS (POR)<br><br>**REPLY MEMORANDUM OF DEFENDANT SHARP REES-STEALY MEDICAL GROUP INC. GROUP LONG TERM DISABILITY INSURANCE PLAN IN SUPPORT OF MOTION TO STRIKE PURSUANT TO FED.R.CIV.P. 12(f) OR, IN THE ALTERNATIVE, MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**<br><br>JUDGE: Honorable Janis L. Sammartino<br>CTRM: 6 (Third Floor)<br>DATE: July 17, 2008<br>TIME: 1:30 p.m. |

# TABLE OF CONTENTS

**PAGE**

I.   INTRODUCTION .................................................................................................... 1

II.   PLAINTIFF'S ARGUMENT HINGES ON AN INCORRECT PREMISE....................... 1

III.   PLAINTIFF'S (a)(3) CLAIM FAILS AS A MATTER OF LAW BECAUSE THE ISSUES ABOUT WHICH HE COMPLAINS WILL BE ADDRESSED WITHIN THE BENEFITS CLAIM................................................................................ 2

IV.   PLAINTIFF'S (a)(3) CLAIM FAILS BECAUSE, AS A MATTER OF LAW, HE DOES NOT SUFFER IRREPARABLE INJURY ........................................................ 3

    A.   Traditional Rules of Injunction Apply in ERISA .................................................. 4

    B.   Plaintiff Cannot Show Irreparable Injury Suffered Absent the Requested Injunction, as Plaintiff's Request for Relief is Speculative and Remedied by the Payment of Benefits ................................................................ 7

V.   PLAINTIFF CANNOT ASSERT AN (a)(3) CLAIM WITH A CLAIM FOR BENEFITS ................................................................................................................ 7

VI.   CLAIMS ADMINISTRATORS NEED NOT PROVIDE APPEAL MATERIALS TO CLAIMANTS PRIOR TO THE APPEAL DECISION ....................... 10

VII.   CONCLUSION........................................................................................................ 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abatie v. Alta Health & Life Ins. Co.*,
   458 F.3d 955 (9th Cir. 2006) ...................................................................................................3

*American-Arab Anti-Discrimination Committee v. Reno*,
   70 F.3d 1045 (9th Cir. 1995) ...................................................................................................6

*Bedrossian v. Northwestern Memorial Hosp.*,
   409 F.3d 840 (7th Cir. 2005) ...................................................................................................6

*Bellanger v. Health Plan of Nevada, Inc.*,
   814 F. Supp. 914 (D.Nev. 1992) ..............................................................................................5

*Black v. Long Term Disability Ins.*,
   373 F. Supp. 2d 897 (E.D.Wis. 2005) .....................................................................................9

*Burlington Northern R. Co. v. Department of Revenue of the State of Wash.*,
   934 F.2d 1064 (9th Cir. 1991) .................................................................................................6

*Caplan v. CNA Financial Corp.*,
   544 F. Supp. 2d 984 (N.D.Cal. 2008) ..................................................................................8, 9

*Caplan v. CNA Short Term Disability Plan*,
   479 F. Supp. 2d 1108 (N.D.Cal. 2007) ....................................................................................9

*Caribbean Marine Services Co, Inc. v. Baldrige*,
   844 F.2d 668 (9th Cir. 1988) ...................................................................................................4

*City of Los Angeles v. Lyons*,
   461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) ..........................................................7

*Cyr v. Reliance Standard Life Ins. Co.*,
   525 F. Supp. 2d 1165 (C.D.Cal. 2007) ....................................................................................2

*Ehrman v. Standard Ins. Co.*,
   2007 WL 1288465 (N.D.Cal. 2007) ........................................................................................8

*Ekno v. Northwestern Mut. Life Ins. Co.*,
   2008 WL 782728 (E.D.Cal. 2008) ...........................................................................................3

*Employee Benefits Cases 1333*,
   2006 WL 1646135 (N.D.Cal. 2006) ........................................................................................4

*Fechter v. HMW Industries, Inc.*,
   879 F.2d 1111 (3rd Cir. 1989) .................................................................................................4

*Finkelstein v. Guardian Life Ins. Co. America*,
   2007 WL 4287329 (N.D.Cal. 2007) ........................................................................................8

*Ford v. MCI Communications Corp. Health and Welfare Plan*,
   399 F.3d 1076 (9th Cir. 2005) ....................................................................................2, 7, 8, 9

*Forsyth v. Humana, Inc.*,
   114 F.3d 1467 (9th Cir. 1997)
   *aff'd*, 525 U.S. 299, 119 S.Ct. 710, 142 L.Ed.2d 753 (1999) ..................................7, 9

*Giottonini v. Therma-Wave, Ltd. Employee Benefits Plan*,
   2007 WL 3478034 (N.D.Cal. 2007) ...........................................................................3

*Great-West Life & Annuity Ins. Co. v. Knudson*,
   534 U.S. 204, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002)..........................................2, 8

*Gresham v. Windrush Partners, Ltd.*,
   730 F.2d 1417 (11th Cir. 1984)
   *cert. den'd*, 469 U.S. 882, 105 S. Ct. 249, 83 L. Ed. 2d 187 (1984) .............................6

*Holiday Inns of America, Inc. v. B & B Corp.*,
   409 F.2d 614 (3rd Cir. 1969) .......................................................................................7

*King v. Cigna Corp.*,
   2007 WL 2288117 (N.D.Cal. 2007) ............................................................................9

*Laborers Fringe Ben. Funds v. Northwest Concrete*,
   640 F.2d 1350 (6th Cir. 1981) .....................................................................................5

*Mamula v. Satralloy, Inc.*,
   578 F. Supp. 563 (S.D.Ohio 1983) ..............................................................................5

*Metropolitan Life Ins. Co. v. Glenn*,
   128 S. Ct. 2343, 2008 WL 2444796 (2008).................................................................3

*Neathery v. Chevron Texaco Corp. Group Acc. Policy No.* OK *826458,*
   2006 WL 4690902 (S.D.Cal. 2006) .............................................................................1

*O'Sullivan v. City of Chicago*,
   478 F. Supp. 2d 1034 (N.D.Ill. 2007) ..........................................................................6

*Sheet Metal Workers' v. West Coast Sheet Metal Co.*,
   660 F. Supp. 1500 (S.D.Cal. 1987)..............................................................................4

*Silver Sage Partners, Ltd. v. City of Desert Hot Springs*,
   251 F.3d 814 (9th Cir. 2001) .......................................................................................5

*Silver v. Executive Car Leasing Long-Term Disability Plan*,
   466 F.3d 727, fn. 2 (9th Cir. 2006) ............................................................................10

*State of Connecticut v. Com. of Mass.*,
   282 U.S. 660, 51 S. Ct. 286, 75 L. Ed. 602 (1931)......................................................7

*Torres v. Reliance Standard Life Ins. Co.*,
   __ F. Supp. 2d __, 2008 WL 732225 (D.Or. 2008) .....................................................3

*Varity Corp. v. Howe*,
   516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996)......................................2, 7

*Weinberger v. Romero-Barcelo*,
   456 U.S. 305, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982)..........................................3, 6

*Winz-Byone v. Metropolitan Life Ins. Co.*,
  2008 WL 962867 (C.D.Cal. 2008)..................................................................................3

*Wong v. Autodesk, Inc. Long Term Disability Plan*,
  2007 WL 2343901 (N.D.Cal. 2007) ...............................................................................2

*Wood v. Xerox Corp. Long-Term Disability Income Plan*,
  2006 WL 2595950 (N.D.Cal. 2006) ...............................................................................2

**FEDERAL STATUTES**

29 C.F.R. § 2560.503-1....................................................................................................1

29 C.F.R. § 2560.503-1(o)(1) ..........................................................................................1

49 U.S.C. § 11503............................................................................................................6

ERISA Section 501(a)(1)(B), 29 U.S.C. §1132(a)(1)(b) .......................................... *passim*

ERISA Section 502(a)(3), 29 U.S.C. §1132(a)(3) ..................................................... *passim*

## I. INTRODUCTION

Plaintiff seeks relief in his ERISA Section 502(a)(3) claim that is entirely duplicative of relief that will be addressed in the Section (a)(1)(B) claim for benefits – purported correction of the scope of the administrative record and the remedy of an alleged procedural violation. As both of these issues are integral to this court's discretionary review of the benefit decision, a duplicative (a)(3) claim to address these issues fails as a matter of law and his (a)(3) claims should be dismissed or stricken from the complaint.

Moreover, an injunction remains an extraordinary remedy, and plaintiff cannot satisfy the rigorous federal requirements for issuance of an injunction. For example, he does not claim to have suffered – and indeed as a matter of law has not suffered – irreparable injury, as his expressed concerns about any future administrative records are speculative, and (a)(1)(B) provides him with the relief he seeks. The Ninth Circuit Court of Appeals has also determined that plaintiff cannot bring an (a)(3) claim joined with an (a)(1)(B) claim, and that an ERISA administrator need not provide a claimant with the evidence generated on appeal prior to making an appeal decision. Plaintiff's (a)(3) allegations fail as a matter of law.

## II. PLAINTIFF'S ARGUMENT HINGES ON AN INCORRECT PREMISE

Plaintiff's entire argument collapses, as it is built on a foundation with an incorrect premise. Plaintiff is simply wrong when he asserts that the "new" ERISA Regulations apply to his claim. (Opposition 5:19-21.) 29 C.F.R. § 2560.503-1, as amended and cited by plaintiff, sets forth the minimum requirements for procedures regarding claims for benefits under an ERISA-governed plan. The new Regulations apply "to claims filed under a plan on or after January 1, 2002." 29 C.F.R. § 2560.503-1(o)(1); *Neathery v. Chevron Texaco Corp. Group Acc. Policy No. OK 826458*, 2006 WL 4690902, *1, *6 (S.D.Cal. 2006) (claim for disability benefits submitted to claims administrator/insurer in 2004; therefore new Regulations effective January 1, 2002 applied). Here, plaintiff submitted his claim for benefits in August, 2001 (First Amended Complaint, ¶ 33), prior to the new Regulations' effective date of January 1, 2002. Thus, the prior Regulations, not the "new" Regulations, apply to plaintiff's claim. For this reason alone, defendant's motion should be granted.

### III. PLAINTIFF'S (a)(3) CLAIM FAILS AS A MATTER OF LAW BECAUSE THE ISSUES ABOUT WHICH HE COMPLAINS WILL BE ADDRESSED WITHIN THE BENEFITS CLAIM

The injunctive relief that plaintiff seeks under his (a)(3) claim for breach of fiduciary duty – (1) to recreate or add to the administrative record and (2) to address a perceived procedural violation whereby Hartford did not provide him with appeal materials prior to the final appeal decision – are both issues that will be addressed and necessarily determined during the course of this court's review of the decision to terminate plaintiff's benefits under (a)(1)(B). Plaintiff has an adequate legal remedy under (a)(1)(B) and, hence, cannot pursue an (a)(3) claim as a matter of law. *Ford v. MCI Communications Corp. Health and Welfare Plan*, 399 F.3d 1076, 1083 (9th Cir. 2005); *Varity Corp. v. Howe*, 516 U.S. 489, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996); *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 221 n. 5, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002).

Both of the issues about which plaintiff complains in his (a)(3) claim – the scope of the record and the alleged procedural violation[1] – will be addressed within the court's review of the (a)(1)(B) benefits claim. The court is to review only the record itself in determining whether defendant abused its discretion, and in so doing will determine the contents of that record. *See*, *e.g.*, *Cyr v. Reliance Standard Life Ins. Co.*, 525 F.Supp.2d 1165 (C.D.Cal. 2007) (in determining whether plaintiff was entitled to disability benefits, the court had to, among other things, "address … the scope of the record that the Court may review"); *Wong v. Autodesk, Inc. Long Term Disability Plan*, 2007 WL 2343901 (N.D.Cal. 2007) (in action to recover disability benefits, plaintiff brought motion to determine scope of the administrative record); *Wood v. Xerox Corp. Long-Term Disability Income Plan*, 2006 WL 2595950 (N.D.Cal. 2006) (court determined, as part of its review under (a)(1)(B), the appropriate scope of the administrative record).

Similarly, plaintiff's allegations that Hartford violated ERISA Regulations and procedures will likewise be addressed by the court under (a)(1)(B) when it analyzes how much

---

[1] See the Opposition at 2:9-12, 2:18-22, 21:2-7, and 21:24-27.

1  deference to give to Hartford's discretionary benefits decision, and whether that decision was an
2  abuse of discretion. *See*, *e.g.*, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 972 (9th Cir.
3  2006) ("procedural irregularity, like a conflict of interest, is a matter to be weighed in deciding
4  whether an administrator's decision was an abuse of discretion"); *Metropolitan Life Ins. Co. v.*
5  *Glenn*, 128 S.Ct. 2343, 2008 WL 2444796, *7 (2008) (when reviewing benefits decision for
6  abuse of discretion, courts take into account whether administrator substantively or procedurally
7  abused its discretion); *Winz-Byone v. Metropolitan Life Ins. Co.*, 2008 WL 962867 (C.D.Cal.
8  2008) (after reviewing administrative record to determine whether benefits decision was abuse of
9  discretion, court held that record did not contain, among other things, any procedural irregularity
10 that would warrant a finding that the administrator abused its discretion); *Ekno v. Northwestern*
11 *Mut. Life Ins. Co.*, 2008 WL 782728 (E.D.Cal. 2008) (court analyzed whether procedural
12 violation warranted heightening standard of review from abuse of discretion to *de novo*; held
13 standard of review remained abuse of discretion); *Torres v. Reliance Standard Life Ins. Co.*, __
14 F.Supp.2d __, 2008 WL 732225 (D.Or. 2008) (alleged procedural violations did not warrant
15 heightened scrutiny of administrator's discretionary benefits decision); *Giottonini v. Therma-*
16 *Wave, Ltd. Employee Benefits Plan*, 2007 WL 3478034 (N.D.Cal. 2007) (court found no
17 procedural irregularities that would permit court to find that defendant abused its discretion).

18    Since plaintiff has an adequate remedy for these claims as part and parcel of his (a)(1)(B)
19 action for benefits, he cannot maintain an (a)(3) claim as a matter of law.

20    **IV.    PLAINTIFF'S (a)(3) CLAIM FAILS BECAUSE,**
        **AS A MATTER OF LAW, HE DOES NOT SUFFER IRREPARABLE INJURY**
21

22    Injunctions in the federal courts, if not all courts, have always been an extraordinary
23 remedy. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72 L.Ed.2d
24 91 (1982). Thus in *Weinberger*, the Supreme Court refused to issue an injunction even where
25 there was certain violation of a federal statute since "an injunction is not the only means of
26 ensuring compliance." *Id.* at 314. In order to obtain an injunction, preliminary or permanent,
27 plaintiff must satisfy the federal requirements for issuance of an injunction. Plaintiff must show
28 (1) that the plaintiff will suffer irreparable injury if the relief is denied, (2) that other remedies

1  are inadequate, (3) that the balance of hardships favors plaintiff, and (4) that the interests of the
2  public or non-parties will not be adversely affected.  The federal rules on injunction apply to
3  ERISA actions, yet plaintiff cannot satisfy any, much less all, of the required federal elements
4  for such relief, and therefore his (a)(3) claim fails as a matter of law.

5  **A.      Traditional Rules of Injunction Apply in ERISA**

6  Courts employing ERISA require that a plaintiff seeking injunctive relief satisfy the
7  general federal rules governing injunctions.  For instance, the court in *Sheet Metal Workers' v.*
8  *West Coast Sheet Metal Co.*, 660 F.Supp. 1500 (S.D.Cal. 1987), evaluated whether plaintiff was
9  entitled to an injunction under ERISA Section 502(a)(3) by examining the traditional criteria.
10 *Id.* at 1504-1506.  The court found that the issuance of an injunction is predicated upon the
11 absence of a remedy, and that one must demonstrate more than simply damages of a pecuniary
12 nature.  The *Sheet Metal* court found there was no irreparable injury to justify an injunction, that
13 the balance of hardships did not favor plaintiff, and that plaintiff had not established that the
14 financial burden on it outweighed the injury to defendant if the injunction were issued.
15 Likewise, the court in *Angotti v. Rexam, Inc.*, 38 Employee Benefits Cases 1333, 2006
16 WL 1646135, *1, *6-7, (N.D.Cal. 2006), required plaintiffs to meet the federal rules governing
17 injunctions in order to obtain an injunction under ERISA.  Plaintiffs sought reinstatement of
18 retiree ERISA medical and prescription drug coverage after such benefits had been terminated.
19 The court cited federal injunction law for the legal standards applicable to the injunction under
20 ERISA, and specifically analyzed traditional factors including the probability of irreparable harm
21 and the balance of hardships.  The court further cited Ninth Circuit guidance that "[s]peculative
22 injury does not constitute irreparable injury sufficient to warrant" granting an injunction. *Id.* at
23 *13, citing *Caribbean Marine Services Co, Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).
24 Similarly, in *Fechter v. HMW Industries, Inc.*, 879 F.2d 1111 (3rd Cir. 1989), the court
25 applied general federal rules governing injunctions to a requested injunction prohibiting the
26 dissipation of surplus assets from a terminated ERISA pension plan.  Plaintiffs sought an
27 injunction under (a)(3) to, among other things, ensure the proper distribution of surplus plan
28 assets. *Id.* at 1120.  The court evaluated traditional factors including irreparable harm, and found

1  that, as to some of the defendants, plaintiffs had demonstrated irreparable harm. *Id.* at 1119-
2  1121. In neither *Angotti* nor *Fechter* did plaintiffs have an (a)(1)(B) benefits claim.

3        The many other cases in which federal courts have applied the general federal rules of
4  injunction to ERISA include *Laborers Fringe Ben. Funds v. Northwest Concrete*, 640 F.2d 1350
5  (6th Cir. 1981), in which the court applied the general rules of federal injunction to permanent
6  injunctions under ERISA, and granted a trust fund an injunction compelling a company and its
7  owners to make contributions to an ERISA pension plan. *See also*, *Mamula v. Satralloy, Inc.*,
8  578 F.Supp. 563, 576 (S.D.Ohio 1983) (for an injunction to issue under (a)(3), plaintiffs must
9  show irreparable injury, lack of substantial harm to others, and that the public interest would be
10 served). In *Bellanger v. Health Plan of Nevada, Inc.*, 814 F.Supp. 914 (D.Nev. 1992), a plaintiff
11 who was denied medical benefits sought to obtain a permanent injunction under (a)(3) enjoining
12 future violations of ERISA. The court noted that there are no specific procedures under ERISA
13 which cover the issuance of injunctions and therefore the right to injunctive relief under ERISA
14 is to be determined based on the traditional standards governing injunctions. *Id.* at 917. Plaintiff
15 could not satisfy the requirements due in part to the inability to show immediate irreparable
16 harm. *Id.* at 918.

17       Plaintiff makes <u>no</u> <u>attempt</u> to show that he could even possibly satisfy the traditional
18 rules governing injunction, presumably admitting that such requirements cannot be met, but
19 instead attempts to avoid such traditional rules. Plaintiff's cited cases do not involve Section
20 502(a)(3) or ERISA. Rather, they hold that the traditional rules for the issuance of an injunction
21 do not apply to certain other federal statutes which have nothing to do with this case. As
22 plaintiff admits in his brief, the court in *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*,
23 251 F.3d 814 (9th Cir. 2001), was specifically addressing the Fair Housing Act, not ERISA. The
24 court's holding pertained to violation of civil rights statutes, not ERISA or other federal statutes.
25 *Id.* at 817. When a defendant has violated a <u>civil rights statute</u>, the court will presume
26 irreparable injury. *Id.* at 827. Moreover, *Silver Sage* is not only inapplicable because it
27 pertained to civil rights statutes, not ERISA, it is inapplicable because in *Silver Sage* the
28 irreparable injury was presumed after plaintiffs had already established at trial a violation of the

statute.

Similarly inapposite is plaintiff's quote regarding the standard requirements for equitable relief from *Burlington Northern R. Co. v. Department of Revenue of the State of Wash.*, 934 F.2d 1064 (9th Cir. 1991), in which the court was not interpreting ERISA but was interpreting Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976, codified at 49 U.S.C. § 11503. The court upheld the special master's conclusion that injunctive relief in a section 306 case is not governed by the traditional criteria, and cited as support other cases applying that same act. *Id.* at 1074. The case does not pertain to ERISA. Indeed, none of plaintiff's cited cases concerned ERISA: *Gresham v. Windrush Partners, Ltd.*, 730 F.2d 1417, 1423 (11th Cir. 1984), *cert. den'd*, 469 U.S. 882, 105 S.Ct. 249, 83 L.Ed.2d 187 (1984), concerned violation of fair housing statutes; *Bedrossian v. Northwestern Memorial Hosp.*, 409 F.3d 840, 843 (7th Cir. 2005), concerned alleged violations of the Uniform Services Employment and Reemployment Rights Act and the False Claims Act; and *O'Sullivan v. City of Chicago*, 478 F.Supp.2d 1034, 1043 (N.D.Ill. 2007), concerned a plaintiff who had already obtained a jury verdict in a civil rights case.

The *Bedrossian* case in fact supports defendant here, as the *Bedrossian* court noted that "countless decisions," including the United States Supreme Court in *Weinberger*, *supra*, 456 U.S. 305 (regarding the Federal Water Pollution Control Act), have required a showing of irreparable harm under statutes that specifically provide for injunctive relief. *Bedrossian*, *supra*, at 843 n.1. The *Bedrossian* court thus rejected a plaintiff's argument that he need not show irreparable harm since he was seeking relief under a federal statute, held that injunctions under both the USERRA and the False Claims Act required showings of irreparable harm, and affirmed the district court's denial of injunctive relief. *Id.* at 843-845.

Plaintiff cannot state a cause of action for injunction under (a)(3) unless he can satisfy the federal rules of injunction. Here, as shown below, plaintiff cannot satisfy those rules as a matter of law and therefore his (a)(3) claim must be dismissed or stricken.

**B.   Plaintiff Cannot Show Irreparable Injury Suffered Absent the Requested Injunction, as Plaintiff's Request for Relief is Speculative and Remedied by the Payment of Benefits**

The first requirement for issuance of an injunction is a showing of a likelihood of substantial and immediate irreparable injury if the injunction were not to issue. *See, American-Arab Anti-Discrimination Committee v. Reno,* 70 F.3d 1045 (9th Cir. 1995). Plaintiff must demonstrate that there is a real danger that the act complained of will take place. There must be more than a mere possibility or fear that an injury will occur absent an injunction. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). An injunction will not be granted against something merely feared as liable to occur at some indefinite time in the future. *State of Connecticut v. Com. of Mass.*, 282 U.S. 660, 674, 51 S.Ct. 286, 75 L.Ed. 602 (1931). The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury. *Holiday Inns of America, Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3rd Cir. 1969).

Plaintiff has not suffered irreparable injury because any harm he suffered could be compensated by the payment to him of benefits. Moreover, to the extent plaintiff attempts to affect his future administrative records, such relief is entirely speculative. Thus, plaintiff cannot as a matter of law satisfy even the first of the federal requirements required for an injunction under (a)(3), and his (a)(3) claim should be dismissed or stricken.

**V.   PLAINTIFF CANNOT ASSERT AN (a)(3) CLAIM WITH A CLAIM FOR BENEFITS**

Contrary to plaintiff's assertions, *Varity*, *supra*, 516 U.S. 489, as interpreted by the Ninth Circuit, does not allow concurrent claims for relief under both Section 502(a)(1)(B) and (a)(3). In *Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir. 1997), *aff'd*, 525 U.S. 299, 119 S.Ct. 710, 142 L.Ed.2d 753 (1999), the Ninth Circuit held that insureds could not maintain an (a)(3) claim against a health care insurer because they had an adequate remedy under (a)(1)(B) for the same alleged conduct relating to the overcharging of co-payments. Likewise, in *Ford*, *supra*, 399 F.3d at 1083, the Ninth Circuit held that when an ERISA plaintiff asserts specific claims for the

recovery of benefits under (a)(1)(B) and (a)(2),[2] he or she cannot obtain relief under (a)(3), and therefore the Ninth Circuit affirmed the judgment in favor of defendants. *Id.* at 1083, citing *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 221 n.5, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). Also contrary to plaintiff's assertions, *Knudson*, *supra*, 534 U.S. 204, did not reject the theory that a plaintiff could not bring concurrent (a)(1)(B) and (a)(3) claims. *Knudson* merely noted that *Varity* did not allow a plaintiff to bring an (a)(3) claim for non-equitable relief, even if the relief was consistent with ERISA purposes but not available under other ERISA provisions. *Id.* at 719 n.5.

Plaintiff's reliance on other cases, both inside and outside the Ninth Circuit, is without merit as those cases are either contrary to Ninth Circuit precedent or are distinguishable from the facts of the present case. In *Ehrman v. Standard Ins. Co.*, 2007 WL 1288465 (N.D.Cal. 2007), the court distinguished *Ford*, *supra*, 399 F.3d 1076, because, unlike the plaintiff in *Ehrman*, in *Ford* the plaintiff brought both her (a)(1)(B) and (a)(3) claims "solely to recover an individual remedy for the harm caused to her by the denial of benefits." *Id.* at 1081-1082. Similarly, here, plaintiff is also seeking through his claims under (a)(1)(B) and (a)(3) individual remedies arising solely out of the harm caused by the termination of his long term disability benefits. *Finkelstein v. Guardian Life Ins. Co. America*, 2007 WL 4287329 (N.D.Cal. 2007), followed *Ehrman* and held that, because plaintiff's asserted relief under (a)(3) could not be remedied under (a)(1)(B), it was improper to dismiss plaintiff's (a)(3) cause of action. As was explained in Section III, *supra*, the relief that plaintiff seeks under (a)(3) can be obtained under (a)(1)(B), and therefore is duplicative and should be dismissed. *Caplan v. CNA Financial Corp.*, 544 F.Supp.2d 984 (N.D.Cal. 2008), is likewise distinguishable from the instant action and does not support plaintiff's assertions that he should be allowed to litigate both his (a)(1)(B) and (a)(3) causes of action. In *Caplan*, unlike here, the plaintiff sought relief under (a)(3) that was by no means available under (a)(1)(B). The plaintiff sought an injunction prohibiting Hartford from

---

[2] In *Ford*, *supra*, 399 F.3d at 1082, plaintiff's Section 502(a)(2) claim also failed since "[a] fiduciary's mishandling of an individual benefit claim does not violate any of the fiduciary duties defined in ERISA."

1 contracting with University Disability Consortium, an outside third party vendor that provides
2 independent medical records reviews.  The plaintiff also sought the removal of Hartford as
3 administrator under the plan.  The *Caplan* court ultimately rejected plaintiff's requested relief
4 under (a)(3), holding that the award of past due short term disability benefits and investigation
5 into plaintiff's eligibility for long term disability benefits was adequate relief.  *Id.* at 994.  Here,
6 unlike *Caplan*, the relief that plaintiff seeks under (a)(3) is duplicative of the relief he seeks
7 under (a)(1)(B).

8 The court's earlier decision in *Caplan v. CNA Short Term Disability Plan* (479 F.Supp.2d
9 1108 (N.D.Cal. 2007), wherein the Northern District denied Hartford's motion to dismiss
10 plaintiff's cause of action under (a)(3), was specifically discussed and rejected by the same judge
11 (District Judge Claudia Wilken) in *King v. Cigna Corp.*, 2007 WL 2288117 (N.D.Cal. 2007).  In
12 *King*, plaintiff sought long term disability benefits under (a)(1)(B).  She brought a second cause
13 of action under (a)(3) asserting breach of fiduciary duty.  Plaintiff, relying upon Judge Wilken's
14 opinion in *Caplan* denying Hartford's motion to dismiss the plaintiff's (a)(3) claim, argued that
15 she could maintain a breach of fiduciary duty cause of action.  The court stated, however, that
16 the plaintiff's reliance on *Caplan* was "misplaced" because, in *Caplan*, the court had dismissed
17 the (a)(3) cause of action "to the extent that it was duplicative of the plaintiff's section
18 1132(a)(1)(B) claim."  *King*, *supra*, at *12.  The court in *Caplan* ultimately found, explained
19 Judge Wilken, that the plaintiff could maintain a separate cause of action under (a)(3) because
20 "the equitable relief Plaintiff seeks under section 1132(a)(3) … may be different than the relief
21 available under section 1132(a)(1)(B), and such relief might not be available to Plaintiff under
22 the section 1132(a)(1)(B) claim alone."  *Id.*, citing *Caplan*, *supra*, 479 F.Supp.2d at 1112-1113.
23 Here, however, as in *King*, the relief plaintiff seeks is provided under (a)(1)(B), and therefore the
24 (a)(3) claim cannot be stated.

25 While plaintiff is able to cite some out-of-circuit cases that have held that a plaintiff
26 could proceed under both (a)(1)(B) and (a)(3), it is the Ninth Circuit decisions in *Ford*, *supra*,
27 399 F.3d 1076 and *Forsyth*, *supra*, 114 F.3d 1467, that are controlling here.  Other courts
28 acknowledge the split in authority amongst the circuits and recognize that in the Ninth Circuit a

plaintiff cannot maintain causes of action under both (a)(1)(B) and (a)(3). *See*, *e.g.*, *Black v. Long Term Disability Ins.*, 373 F.Supp.2d 897, 901, (E.D.Wis. 2005). The relief that plaintiff seeks under (a)(3) is duplicative of that sought under (a)(1)(B), and can be obtained in his cause of action under (a)(1)(B). Accordingly, plaintiff's allegations and prayers for relief under (a)(3) should be stricken or dismissed with prejudice.

## VI. CLAIMS ADMINISTRATORS NEED NOT PROVIDE APPEAL MATERIALS TO CLAIMANTS PRIOR TO THE APPEAL DECISION

Contrary to plaintiff's assertions, Hartford was not obligated to provide to plaintiff and/or his attorneys information, reports, notes, or any other documents generated by Hartford or its agents during the appeal investigation prior to upholding the termination of his benefits, regardless of whether his attorneys requested such information. The Secretary of Labor's position as expressed in *Russo v. Hartford Life and Acc. Ins. Co.*, is out of date and is superseded by more recent Ninth Circuit authority. The Ninth Circuit has now definitively held that an ERISA administrator need not provide a plaintiff with appeal materials, such as independent record reviews performed during the appeal period, prior to making an appeal decision. *Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 732 fn. 2 (9th Cir. 2006). Thus, defendant's actions were not a procedural violation. Moreover, as shown above, any alleged procedural violation will be addressed by the court during the litigation of the (a)(1)(B) benefit claim, and therefore cannot support a duplicative (a)(3) claim. The (a)(3) claim therefore should be dismissed or stricken with prejudice as a matter of law.

## VII. CONCLUSION

For the foregoing reasons, the court should strike or dismiss with prejudice plaintiff's allegations and prayers for relief under ERISA Section 502(a)(3).

DATED: July 10, 2008        SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: s/Dennis G. Rolstad
    Dennis G. Rolstad
    Attorneys for Defendant
    SHARP REES-STEALY MEDICAL GROUP INC.
    GROUP LONG TERM DISABILITY INSURANCE
    PLAN